J-S71023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LESTER EILAND | |
| Appellant | No. 674 MDA 2014 |

Appeal from the PCRA Order April 8, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002630-2000

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 16, 2015**

Appellant, Lester Eiland, appeals from the order entered by the Honorable Andrew H. Dowling, Court of Common Pleas of Dauphin County, which denied his petition pursuant to the Post Conviction Relief Act. After careful review, we affirm.

This Court has previously summarized the factual and procedural history behind Eiland's convictions as follows:

> Angel DeJesus (Mr. DeJesus) was killed in the early morning of July 5, 2000, in his taxicab at the intersection of Kittatinny and Hummel Streets in Harrisburg. Jennifer McDonald (Ms. McDonald) went to a store around 4:30 a.m., shortly before the murder. She observed Appellant and his co-defendants, Kariem Eley (Eley) and Edward Mitchell (Mitchell), standing at the intersection of Kittatinny and Hummel Streets. As Ms. McDonald

---

[*] Former Justice specially assigned to the Superior Court.

was walking home about a minute and half later, she saw Mr. DeJesus's cab pass her traveling toward the intersection. When she heard a loud noise, she looked back and saw the cab stopped at the intersection with its brake lights on. Five or ten minutes after arriving home, Ms. McDonald heard police sirens.

Guadalupe Fonseca was standing in front of his house at the time of the incident and observed three African-American men standing near Mr. DeJesus's cab. He saw one of the men enter the cab and heard two gunshots. After the shots, the man got out of the cab and joined the other two men at the right side of the cab. Mr. Fonseca heard a third shot and saw the men departing to the north on Hummel Street. Rufus Hudson saw Appellant and his co-defendants at the intersection before the shooting and witnessed them running across Hummel Street toward an abandoned house after Mr. DeJesus was shot.

Another taxicab driver in the area, Francisco Ramirez-Torres (Ramirez-Torres), was informed of the incident by a passenger named Elijio Contreras. Ramirez-Torres drove to the scene and called the police. Police officers found Mr. DeJesus alive but bleeding from the head. Two shell casings were found on the floor of the cab. A police officer found a third casing inside an air vent in the car. Mr. DeJesus died at the hospital following surgery. The evidence indicated that he had been shot three times in the head and neck, at least once from a distance of less than a foot, with a .25 caliber handgun. Although Mr. DeJesus was known to carry a pouch to hold his money while he was working, it was not found on his person or in the cab, nor was any money found.

Appellant and his co-defendants were arrested and held for trial. Two mistrials occurred before a third jury convicted Appellant on August 10, 2001, … of second-degree murder, conspiracy to commit robbery and robbery. Appellant was acquitted of conspiracy to commit murder. Appellant was sentenced to life in prison without the possibility of parole for second-degree murder. He was also sentenced to consecutive terms of incarceration of seven to twenty years for robbery and four to twelve years for criminal conspiracy.

*Commonwealth v. Eiland*, No. 2005 MDA 2007, unpublished memorandum at 1-2 (Pa. Super. filed September 19, 2007) (footnotes omitted) (citation omitted).

On direct appeal, this Court affirmed Eiland's convictions, but vacated and remanded for re-sentencing, concluding that the consecutive sentence for robbery violated the double jeopardy clause of the Constitution of the United States. On August 5, 2004, the trial court re-sentenced Eiland to life in prison without possibility of parole plus a consecutive term of four to ten years in prison for the conspiracy conviction. The conviction for robbery was found to have merged with the murder conviction for purposes of sentencing. Eiland did not file a direct appeal from this judgment of sentence.

On August 4, 2005, Eiland filed his first PCRA petition, which the PCRA court ultimately dismissed on May 18, 2006. On that same date, Eiland filed a second PCRA petition, which the PCRA court dismissed on September 20, 2007. Eiland appealed, and this Court affirmed the dismissal of Eiland's petition on Septmeber 19, 2009. The Supreme Court of Pennsylvania subsequently denied Eiland's petition for allowance of review.

On November 16, 2011, Eiland filed the current PCRA petition, his third, alleging after-discovered evidence. The evidence at issue was the recantation of trial testimony by eyewitness Rufus Hudson. A hearing was held on this petition in August of 2013, and both parties filed briefs with the

PCRA court. On April 8, 2014, the PCRA court entered an order dismissing Eiland's petition, and this timely appeal followed.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." **Commonwealth v. Koehler**, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "[T]his Court applies a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Spotz**, 18 A.3d 244, 259 (Pa. 2011) (citation omitted).

Before we may address the merits of a PCRA petition, we must first consider the petition's timeliness because it implicates the jurisdiction of both this Court and the PCRA court. **See Commonwealth v. Williams**, 35 A.3d 44, 52 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. **See** 42 PA.CONS.STAT.ANN. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004). As the PCRA

petition at issue here was not timely, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [PA.CONS.STAT.ANN.] § 9545(b)(1)(i)-(iii) applies." ***Commonwealth v. Pursell***, 749 A.2d 911, 914-915 (Pa. 2000). ***See also Commonwealth v. Wilson***, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

Section 9545 provides, in relevant part, as follows.

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.Cons.Stat.Ann. § 9545(b).

No party to this appeal, or the PCRA court, addresses the issue of the application of the timeliness requirement. Eiland's third petition for PCRA relief, filed on November 16, 2011, asserted that he received the unsworn declaration of Rufus Hudson recanting his trial testimony on September 22, 2011. This timeline satisfies the 60-day requirement set forth by the statute.

The other requirement under the statute is that the evidence could not have been ascertained by the exercise of due diligence. The PCRA court implicitly found this condition satisfied. In the absence of obvious error and Commonwealth argument to the contrary, we conclude that this condition has been met. We therefore conclude that Eiland has satisfied the jurisdictional requirements of the PCRA.[1]

_____

[1] As this Court recently noted in **Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2014),

> an after-discovered evidence claim and the timeliness exception based on previously unknown facts are distinct, and the issues are analyzed differently. **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1270-72 (2007). Thus, the relative merit of Appellant's underlying PCRA claims is not the issue when determining whether his PCRA petition satisfies the after-discovered fact exception. Rather, the question of whether he

*(Footnote Continued Next Page)*

On appeal, Eiland contends that the PCRA court erred in dismissing his petition. Specifically, Eiland argues that the PCRA court erred in finding that Hudson's recantation testimony was not credible. To establish the right to relief due to after-discovered evidence, Eiland must establish that: (1) the evidence has been discovered after trial and it could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) the evidence is not being used solely to impeach credibility; and (4) the evidence would likely compel a different verdict. *See Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004).

> Our review of a claim involving recanted testimony is as follows:
>
> The well-established rule is that an appellate court may not interfere with the denial or granting of a new trial where the sole ground is the alleged recantation of state witnesses unless there has been a clear abuse of discretion.... Recanting testimony is exceedingly unreliable, and it is the duty of the court to deny a new trial where it is not satisfied that such testimony is true. There is no less reliable form of proof, especially when it involves an admission of perjury.

*Commonwealth v. Loner*, 836 A.2d 125, 135 (Pa. Super. 2003). As the PCRA court is provided a unique opportunity to observe the witness's manner and demeanor during an evidentiary hearing, "a prerequisite to such

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> met that exception is evaluated pursuant to the statutory requirements of 42 Pa.C.S.A. § 9545(b)(1)(ii) and (b)(2).

*Id*., at 891 n.7. Thus, this determination is analytically distinct from the assessment of reasonable diligence employed when addressing the merits of an after-discovered evidence claim.

relief is that 'the evidence upon which the relief is sought must be credible to the trial court.'" *Id*. (citation omitted).

The first three prongs of the after-discovered evidence test are not at issue in this appeal. At issue is the PCRA court's finding that "Mr. Hudson's recantation testimony is not credible, not truly exculpatory and would not have likely led to a different verdict." Trial Court Opinion, 4/8/14, at *4.

In addressing the fourth prong, the PCRA court first found the recantation testimony not credible. The PCRA court found the reasons given by Hudson for his alleged previous perjury unbelievable. In his affidavit, Hudson claimed that he was young and had a poor understanding of the legal system. However, at the time of trial, Hudson was 24 years old, had extensive contact with the juvenile and criminal justice system, and had been incarcerated pending resolution of a charge of attempted homicide. *See* N.T., PCRA Hearing, 8/29/13, at 35-38. As a result, the PCRA court found that at the time of trial, Hudson had a strong understanding of the consequences of his testimony. We can find no reason to conclude that this finding was a clear abuse of discretion.

Furthermore, the PCRA court concluded that even if it had found this testimony credible, the recantation testimony would not have compelled a different result at trial. Another witness at the trial placed Eiland near the scene of the crime shortly after the murder. *See* N.T., Jury Trial, 8/6-8/10/01, at 283. The Commonwealth also presented testimony that Eiland

had admitted to the murder while in jail.  ***See id***., at 420-421.  Thus, we cannot conclude that the PCRA court clearly abused its discretion in this manner, either.  As a result, we conclude that Eiland's sole issue on appeal merits no relief.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015