J-S59034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| MELVIN METZ | | |
| Appellant | | No. 3463 EDA 2015 |

Appeal from the PCRA Order October 13, 2015
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0903491-1996

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

JUDGMENT ORDER BY FITZGERALD, J.: **FILED AUGUST 31, 2016**

*Pro se* Appellant, Melvin Metz, appeals from the order dismissing his fourth Post Conviction Relief Act[1] ("PCRA") petition. Appellant claims that ***Alleyne v. United States***, 133 S. Ct. 2151 (2013), applies retroactively to his 1998 sentence. We affirm.

We adopt the facts and procedural history set forth by the PCRA court. ***See*** PCRA Ct. Op., 12/11/15, at 1-2. Appellant timely appealed and the court did not order him to comply with Pa.R.A.P. 1925(b). Appellant contends the court erred by not correcting his illegal sentence. As noted above, he asserts ***Alleyne*** applies retroactively to his case.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Before addressing the merits of Appellant's claim, our Supreme Court has required this Court to examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

After careful review of the parties' briefs, the certified record, and the PCRA court's decision, we affirm on the basis of that decision. *See* PCRA Ct. Op. at 3-4 (holding that *Alleyne* has no retroactive effect to cases in which judgments of sentence had become final (citing *Commonwealth v. Miller*, 102 A.3d 998, 995 (Pa. Super. 2014)). More recently and definitively, our Supreme Court held "*Alleyne* does not apply retroactively to cases pending on collateral review . . . ." *Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 at *8 (Pa. July 19, 2016). Having discerned no abuse of discretion or law, we affirm the order below. *See Wilson*, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016