J-S64036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MELDRICK TAYLOR | |
| Appellant | No. 182 EDA 2016 |

Appeal from the PCRA Order January 5, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012527-2010
CP-51-CR-0012528-2010

BEFORE: STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:     **FILED SEPTEMBER 07, 2016**

Appellant Meldrick Taylor appeals from the order entered in the Court of Common Pleas of Philadelphia County on January 5, 2016, dismissing as untimely his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Following a careful review, we affirm.

Because a detailed recitation of the facts is not necessary to our disposition, we briefly note that the instant matter arises from Appellant's convictions of first-degree murder, attempted murder, aggravated assault, possession of an instrument of crime and violations of the Uniform Firearms Act on December 21, 2012, following a three-day jury trial.[2] On December

---

[1] 42 Pa.C.S.A. §§ 9541-46.
[2] Appellant was seventeen years old at the time and tried as an adult.

*Former Justice specially assigned to the Superior Court.

31, 2012, Appellant filed what he titled a "Motion for Judgment of Acquittal and/or for New Trial- Pa.R.Crim.P. 606-608, 644, 646" raising various claims that the verdict was "erroneous & unsupported by the evidence." *Id*. at ¶¶ 2-5. On March 8, 2013, the trial court sentenced Appellant to thirty-five (35) years to life in prison on the murder conviction and a consecutive term of five (5) years to ten (10) years in prison for the attempted murder conviction. Appellant received no further penalty on the remaining convictions.

Appellant timely filed his "Motion for Reconsideration" on March 12, 2013, along with a brief in support thereof wherein he again challenged the weight and sufficiency of the evidence to support the verdict. Appellant's post-sentence motion was denied by operation of law in an order entered on July 10, 2013. The order advised Appellant, *inter alia*, that he had a right to file an appeal within thirty (30) days of the date of that order and provided him with the address where the notice of appeal must be filed. A proof of service attached thereto indicates the order was served upon both Appellant and defense counsel.

On November 14, 2014, Appellant, *pro se*, filed the instant PCRA petition. Counsel was appointed and filed an amended petition on July 15, 2015, alleging trial counsel had been ineffective for failing to file a direct appeal and requesting that Appellant's appeal rights be reinstated *nunc pro tunc*. On October 23, 2015, the Commonwealth filed a motion to dismiss the PCRA petition.

The PCRA court provided Appellant with its Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. On November 12, 2015, appellate counsel filed a response to the PCRA dismissal notice and attached thereto correspondence which purported to be between Appellant and trial counsel. The PCRA court dismissed Appellant's petition as untimely on January 5, 2016, and this appeal followed.

On February 17, 2016, Appellant filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 17, 2016. In its opinion, the PCRA court noted that none of the exceptions to the PCRA time-bar applied. *See* PCRA court Opinion, filed 3/17/16, at 3-4; 42 Pa.C.S. § 9545(b) (setting forth time-bar exceptions).

In his brief, Appellant presents the following Statement of Question Involved:

> I.  Did [the] trial court err in denying [ ] [A]ppellant an evidentiary hearing when [ ] [A]ppellant raised material issues of fact that showed that he was entitled to reinstatement of his appeal rights because [A]ppellant was abandoned by trial defense counsel who failed to file an appeal to the Superior Court after counsel informed appellant that he would do so?

Brief for Appellant at 2.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). It is well-settled that the

PCRA is the exclusive remedy for postconviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal. *Commonwealth v. Haun*, 613 Pa. 97, 100-01, 32 A.3d 697, 699 (2011). Thus, before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

A PCRA petition shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

- 4 -

> (ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies."  ***Commonwealth v. Marshall***, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted).  Moreover, our Supreme Court has repeatedly stated, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits."  ***Commonwealth v. Morris***, 573 Pa. 157, 175, 822 A.2d 684, 694 (2003).

Instantly, Appellant was sentenced on March 8, 2013, and his "Motion for Reconsideration" was denied by operation of law on July 10, 2013. Appellant did not file a timely appeal with this Court.  Therefore, Appellant's judgment of sentence became final thirty days thereafter on August 12, 2013.[3]  ***See*** 42 Pa.C.S.A. § 9545(b)(3).  As such, Appellant had until August 12, 2014, to file a timely first petition for post-conviction relief.  Appellant filed the instant PCRA petition, *pro se*, on November 14, 2014; therefore, it

_____

[3] August 10, 2013, fell on a Saturday.

is patently untimely, and the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Rather than concede that his petition was untimely under the PCRA, Appellant maintains that:

[i]n early November 2014 [Appellant] requested that his family look [at] what was going on and he found out that no appeal was filed by trial defense counsel. As soon as he possibly could, because he was incarcerated, and within 60 days after finding out that counsel contrary to what counsel told [Appellant], did not file the appeal, [Appellant] filed a pro se PCRA Petition alleging what had happened to him and requesting the reinstatement of his appeal rights from the judgment of sentence *nunc pro tunc*.

Brief for Appellant at 4. Citing our Supreme Court's decision in ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264 (2007), Appellant argues that while he had asked trial counsel to file a direct appeal and that counsel did, in fact, take the initial step in pursuing an appeal by filing post-sentence motions on his behalf, counsel clearly abandoned him by not filing an appeal with this Court after his post-sentence motions were denied. Appellant next avers that this failure resulted in the loss of his constitutional right to appeal his judgment of sentence. Appellant posits he has not waived this issue of "ineffectiveness/abandonment" because the PCRA presented his first opportunity in which to raise it, and he did so within sixty days of his discovery of counsel's alleged abandonment; therefore, he reasons he was entitled to an evidentiary hearing on his petition and that

the PCRA court erred in holding it had been untimely filed. Brief for Appellant at 6-8.

Appellant relies upon **Bennett** in an attempt to invoke the exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). As that Court stressed, Subsection (b)(1)(ii) has two components which require a petitioner to allege and prove that the facts upon which the claim was predicated were unknown to him and that he could not uncover them with the exercise of due diligence. **Bennett**, 593 Pa. at 395, 930 A.2d at 1272; 42 Pa.C.S.A. § 9545(b)(1)(ii). Appellant needed to establish these two components for the PCRA court to have jurisdiction over his claim under this subsection.

Herein, the PCRA court determined:

> [Appellant] simply alleges that trial counsel was ineffective for failing to [file] a direct appeal on his behalf. This claim does not involve governmental interference or implicate the retroactive application of a constitutional right. Nor does it involve after-discovered evidence.
> Moreover, to the extent that petitioner claims that his discovery, in November of 2014, of trial counsel's failure to file an appeal constitutes after-discovered evidence or a fact not previously known, it is quite clear he did not exercise due diligence in this regard. Had petitioner either contacted his attorney or the court, he would have realized that his case was not on appeal. **See Commonwealth v. Monaco**, 996 A.2d 1076, 1082 (Pa.Super. 2010) (holding that new facts exception did not apply where petitioner failed to exercise due diligence in ascertaining new information.).

PCRA court Opinion, 3/17/15, at 4.

We agree with the PCRA court's decision. While Appellant repeatedly indicates he was led to believe counsel would file a direct appeal on his

behalf and that he did not discover until "early November of 2014" that counsel failed to do so, Appellant provides no proof of steps he took to ascertain the status of his case after he was notified his post-sentence motion had been denied on July 10, 2013. Instead, attached to his response to the PCRA court's dismissal notice are what appear to be photocopies of three, handwritten letters addressed to trial counsel and signed by Appellant. At the bottom of each is a brief, typewritten response followed by what appear to be the typed initials of trial counsel and a stamped date of December 31, 2012, March 19, 2013, and March 26, 2013, respectively. None of the correspondence bears trial counsel's signature or letterhead, although the March 19, 2013, letter ends with a scribble that resembles "D.W.C. Es[q]."

In the letter dated December 31, 2012, Appellant expresses, *inter alia*, his desire to file an "immediate appeal." The typed response states he must wait until he is sentenced to file an appeal. In the second correspondence, Appellant explains he is writing "pertaining to the motion for reconsideration and appeal" and specifically challenges the sufficiency of the evidence to sustain his convictions and states why he believes he should have testified in his own defense and that his father should have taken the stand as well. The typed response informs Appellant that counsel filed Appellant's "pro se Motion" which does not "provide appealable issues" and expresses a belief that his testimony would have been harmful to his case

and that his father's testimony would have contradicted his alibi. Finally, the letter stamped March 26, 2013, pertains to Appellant's belief that "every issue that wasn't fair too [sic] my trial should be appealable." The typed comment reveals Appellant's family had contacted another attorney and indicates some confusion regarding Appellant's statements. The final sentence reads "Judge has 120 days to decide post-Sentence Motion 1st."

The suspect nature of the aforementioned correspondence aside, each predates the trial court's denial of Appellant's post-sentence motion. The final one specifically instructs Appellant that the trial court had one-hundred twenty days in which to decide his post-sentence motion before a direct appeal could be filed and suggests Appellant had family working to assist him with his case. Contrary to Appellant's assertion, **See** Brief for Appellant at 7, at no time in any letter did trial counsel affirmatively indicate that he would file a direct appeal. In addition, Appellant does not argue that his access to public records was somehow impeded such that he could not ascertain the date upon which the trial court denied his post-sentence motion nor does he explain why he took no steps to learn the status of his case between July 10, 2013, and November of 2014, although he apparently had family willing to aid him in doing so. **Compare Bennett**, 593 Pa. at 399-400, 930 A.2d at 1274.

Nor does Appellant declare that the procedure for filing a timely PCRA petition was outside his purview. Appellant's bald claim that he filed his

PCRA "as quickly as possible" after he discovered trial counsel had "abandoned him" simply does not explain why he could not have timely ascertained the fact of the abandonment to satisfy the timeliness exception of the PCRA found at section 9545(b)(1)(ii). This is especially true in light of the fact he does not challenge that he had been instructed his post-sentence motion had been denied on July 10, 2013, and that a direct appeal could be filed thereafter. Hence, Appellant has failed to show the exercise of due diligence in setting forth his current claim and makes no attempt to plead or prove that his petition was filed within sixty days from the date he discovered that no direct appeal had been filed. Because *Bennett* concerns evidence discoverable only after the one-year jurisdictional time-bar of the PCRA and Appellant has failed to prove he could not uncover the evidence supporting his current claim with the exercise of due diligence during the one-year time period, *Bennett* is not dispositive herein. (*See Bennett*, 593 Pa. at 398, 930 A.2d at 1273 (stating "subsection (b)(1)(ii) is a limited extension of the one-year time requirement under circumstances when a petitioner has not had the review to which he was entitled due to a circumstance that was beyond his control").

In light of the foregoing, we conclude the factual predicate of Appellant's claim was his trial counsel's abandonment which he could have discovered within the one-year PCRA deadline and was not the product of a circumstance beyond his control. Thus, Appellant's PCRA petition was

untimely and he raised no claim that he was subject to an exception under the PCRA. Accordingly, both the PCRA court and this Court lacked jurisdiction to address the merits of Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016