J. S69027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| DYQUEAL AKEEM LARRY, | : | |
| | : | |
| APPELLANT | : | No. 351 MDA 2016 |

Appeal from the PCRA Order February 3, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000703-2008

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED DECEMBER 12, 2016**

Appellant, Dy'Queal Akeem Larry, appeals *pro se* from the Order entered in the York County Court of Common Pleas, which dismissed his fourth Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we conclude that Appellant has failed to plead and prove the newly-discovered-evidence exception to the PCRA time-bar because the witness recantation Affidavit he now presents is identical in substance to the same witness's testimony provided at Appellant's preliminary hearing. Therefore, we affirm.

On December 8, 2008, Appellant pled *nolo contendere* to one count of Third-Degree Murder in connection with the shooting death of Christine

---

[*] Retired Senior Judge Assigned to the Superior Court.

Zelinsky. The PCRA court summarized the procedural history thereafter

follows:

> [Appellant] was sentenced to 15 to 40 years in state prison on January 26, 2009 for murder in the third degree. [Appellant] filed his first PCRA Petition on August 27, 2010, which was denied after [a] hearing. [Appellant] appealed the denial of his first PCRA Petition to the Superior Court and the Superior Court affirmed the decision on May 24, 2010. [Appellant] filed his second PCRA Petition on May 24, 2012, which was denied as untimely. [Appellant] appealed the denial of his second PCRA to the Superior Court on August 15, 2012. [Appellant] failed to show cause why his appeal should not be quashed as untimely, and as a result, the Superior Court quashed the appeal on October 1, 2012. On August 6, 2015, [Appellant] sought a modification of his sentence imposed January 26, 2009. The Petition was treated as [Appellant's] third PCRA Petition and was denied as untimely on August 7, 2015.

Trial Court Order, filed 2/3/16, at 1.

On September 16, 2015, Appellant filed the instant PCRA Petition,

averring that his plea of *nolo contendere* was not knowing, voluntary and

intelligent and pleading an exception to the PCRA's timeliness requirement

based on newly discovered evidence. On February 3, 2016, the PCRA court

dismissed the instant Petition as untimely.

Appellant timely appealed, raising three issues:

> 1. Did the PCRA court abuse [its] discretion in finding that Ms. Quaisha Matthews['] recantation statement dated September 9, 2015, was not credible evidence newly-discovered that would have changed the outcome of [Appellant's] plea hearing.

> 2. Did the PCRA court abuse [its] discretion in finding that [Appellant] was not entitled to a hearing to test the veracity of Ms. Matthews['] recantation statement.

3.    Did the PCRA court abuse [its] discretion in finding that [Appellant] was not entitled to withdraw the guilty plea in light of Ms. Matthews['] recantation statement.

Appellant's Brief at 2.

When reviewing a PCRA court's dismissal of a PCRA petition, this Court "is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).  Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition.  *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, a PCRA petition "shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. § 9545(b)(1).  A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.  *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, because Appellant filed the instant Petition more than five years after his Judgment of Sentence became final after pleading *nolo contendere*, it is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). ***See, e.g., Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised).

Here, Appellant attempts to circumvent the timeliness requirement by invoking the newly-discovered-evidence exception provided in Section 9545(b)(1)(ii). This exception is strictly limited to "newly discovered facts" and cannot be satisfied by "a newly discovered or newly willing source for previously known facts." *Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008).

In his PCRA Petition, Appellant claimed to have newly discovered evidence in the form of an Affidavit from Quaeisha Matthews repudiating her prior statement to police.[1] In her Affidavit, dated September 9, 2015, she states, *verbatim*:

> To whom may concern
>
> I Quaeisha Mattews is writing this because when the detective had came to me they had threaten me that's why I lied because he (detective Clarke) told me if I wouldn't had said what he told me that I could be going to jail and that they would've took my son from me. I told Detective Clarke that I knew nothing about what had happen. He told me if I didn't write what he said that I would be going to jail. So I wrote it because I was scared.

Affidavit of Quaeisha Matthews, dated 9/9/15.

Although Ms. Matthews' current Affidavit repudiates her initial statement to police, it is not based on "newly discovered facts" and does not constitute newly discovered evidence. Ms. Matthews previously repudiated

---

[1] For purposes of this appeal, we note that shortly after the shooting, Ms. Matthews gave a statement to police in which she implicated Appellant and connected him to the gun used to kill Ms. Zelinsky. *See* Order Denying Motion for Habeas Corpus Relief, filed 7/17/08, at 1-2.

her prior statement to police at Appellant's preliminary hearing, before Appellant elected to enter a plea of *nolo contendere*.

In fact, her recantation Affidavit is nearly identical to her testimony at Appellant's preliminary hearing. She testified then as follows:

[Commonwealth]. You don't recall anything that happened [the night of the murder]?

A. Nope.

Q. All right. But you do recall making this signature on [the signed statement to police]; right?

A. Um-hum.

Q. Why did you sign that?

A. 'Cause I was scared.

Q. You were scared; of what?

A. 'Cause they kept saying I was going to get 5 to 10.

. . .

[Cross Examination]

[Co-Defendant's Counsel]. You did sign the document; right?

A. Yes, sir.

Q. Did you write down everything else that was in the document?

A. They wrote it down.

Q. Who is they?

A. The detective.

Q. So the only thing that is in your handwriting is your signature; right?

A. Yes, sir.

Q. And you're saying here today that you were scared?

A. Yes, sir.

Q. And forced into making that statement?

A. Yes, sir.

Q. You're saying that what's in that statement today is untrue?

A. Yes, sir.

N.T., 1/28/08, at 20, 22-23.

Simply put, there is nothing "new" about the facts contained in Ms. Matthews' Affidavit. Although Ms. Matthews is now recanting in an Affidavit rather than in sworn testimony, the underlying facts remain the same: Ms. Matthews claims that her statement to police implicating Appellant was coerced and is untrue. At best, the sworn Affidavit is simply a new vehicle to present old facts from a known source and does not permit Appellant to invoke an exception to the PCRA time-bar. *Marshall*, 947 A.2d at 720.

Therefore, we affirm the PCRA court's order dismissing Appellant's Petition.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2016