J-S06044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LONDON LINTON, | |
| Appellant | No. 1747 EDA 2016 |

Appeal from the PCRA Order May 13, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0807241-1991

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED FEBRUARY 15, 2017**

Appellant, London Linton, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas dismissing his serial Post Conviction Relief Act[1] ("PCRA") petition. Appellant argues his sentence of life without parole is illegal because it violates the Equal Protection Clause of the United States Constitution. We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinion.[2] **See** PCRA Ct. Op., 5/13/16, at 1-2. Appellant raises the following issues in his *pro se* brief:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note the PCRA court's opinion states that Appellant's first petition for post-conviction relief was dismissed on February 15, 2007. **See** PCRA Ct. Op. at 2. However, a review of the docket reveals Appellant's first petition was dismissed on February 15, 2001.

I. Whether the PCRA court erred in denying without a hearing [Appellant's] claim that [his] sentence is illegal because it violates the Equal Protection provisions of the United States Constitution[.]

II. Whether the PCRA court erred in denying [Appellant's] petition without a hearing based upon findings of fact, deliberately misstated, and an error on the order and opinion not supported by the record[.]

Appellant's Brief at 3 (capitalization removed).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

After careful consideration of Appellant's *pro se* brief, the record, and the decision of the PCRA court, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 2-4 (holding: Appellant's current PCRA petition, filed August 20, 2015, was patently untimely because his judgment of sentence became final in 1994; Appellant has not proven any of the

timeliness exceptions because **Obergefell v. Hodges**, 135 S. Ct. 2584 (2015)[3] does not establish either a newly recognized constitutional right applicable to Appellant or qualify as "after-discovered information;" the PCRA court lacks jurisdiction to address the merits of Appellant's claims).[4] Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017

---

[3] In **Obergefell**, the United States Supreme Court held that same-sex couples are entitled to the same right to marry as heterosexual couples under the Due Process and Equal Protection Clauses of the United States Constitution. **Obergefell**, 135 S. Ct. at 2588.

[4] In its discussion, the PCRA court cites to 42 Pa.C.S. § 9543(b)(3) for the statement that an appellant has one year from the time his judgment of sentence becomes final to file a PCRA petition. **See** PCRA Ct. Op. at 2. However, the citation for this principle is 42 Pa.C.S. § 9545(b)(1), (3).

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA     :

    :

    :

v.     :

    :

LONDON LINTON     :

    :     **CP-51-CR-0807241-1991**

**MEMORANDUM OPINION**     CP-51-CR-0807241-1991 Comm. v. Linton, London
Memorandum Opinion



**TUCKER, J.**

7446535201

On *May 13th* , 2016, the Post-Conviction Relief Act Petition filed on

August 20, 2015 was dismissed for the reasons set forth below.[1]

I.     **PROCEDURAL HISTORY**

On February 3, 1992, London Linton (hereinafter referred to as "Petitioner") entered into a

negotiated guilty plea to First Degree Murder and Possession of an Instrument of Crime before

the Honorable Paul Ribner, Jr. On that same day, Petitioner was sentenced to life imprisonment

for murder, and 2 ½ to 5 years imprisonment for PIC, to run concurrently. The Superior Court of

Pennsylvania affirmed Petitioner's conviction on June 7, 1994, and Petitioner did not seek

*allocatur*. Petitioner filed his first pro se petition for post-conviction relief[2] on August 27, 1999,

---

[1] This dismissal Order was issued more than twenty days after Petitioner was served with notice of the forthcoming dismissal of his Post-Conviction Relief Act petition. Pa.R.Crim.P. 907.

[2] Petitioner's first petition for post-conviction relief was governed by the former Post Conviction Hearing Act ("PCHA") statute, which is now the Post Conviction Relief Act ("PCRA").

and counsel was appointed. Counsel for Petitioner filed an amended petition on May 9, 2000. On February 15, 2007, the trial court dismissed the petition, and appeal was not sought. Petitioner filed a second petition under the PCRA on August 24, 2012, which was subsequently dismissed by the PCRA court on March 30, 2015. The following memorandum addresses Petitioner's third, and most recent, filing[3].

## I.   DISCUSSION

After a conviction becomes final, a petitioner has one year to file a post-conviction petition. 42 Pa. Cons. Stat. § 9543(b)(3) (2016). A conviction or judgment of sentence is deemed final at the close of direct review or when the time to seek review expires. *Id.* When a PCRA petition is untimely without exception, the court does not have jurisdiction to address the substantive merits of the petition. *See e.g. Commonwealth. v. Robinson*, 837 A.2d 1157, 1163 (Pa. 2003). Therefore, Petitioner's August 20, 2015 petition was patently untimely as his conviction became final in 1994 and this court is without jurisdiction to rule on the substantive merits of the claim. Petitioner may only overcome his untimeliness if he properly invoked one of the exceptions to the one-year limitation. The three exceptions as enumerated in 42 Pa. Cons. Stat. §9545 (b)(1)(i)-(iii) are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[3] Petitioner filed a response to this Court's notice of its intent to dismiss his petition pursuant to Pa.R.Crim.P. 907 (sent March 10, 2016) on March 25, 2016. In his response, Petitioner merely reiterates that the PCRA governs his claim, and emphasizes that his claim is timely given that it was submitted less than 60 days after the *Obergefell* decision. *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015). Petitioner fails to further demonstrate how the *Obergefell* decision bears upon his own case.

2

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

In his latest filing, Petitioner attempts to subvert the United States Supreme Court's historic holding in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015), by claiming the Court has so liberally construed the 14th Amendment as to make his sentence of life without parole unconstitutional. In *Obergefell*, the Supreme Court held that same-sex couples are entitled to the same rights, benefits, and treatment as heterosexual couples, particularly due to the equal protection clause of the 14th Amendment. Petitioner conjectures that *Obergefell* stands for the principle that the 14th Amendment must be read broadly enough to include issues of sentencing. Specifically, Petitioner argues because he was convicted of murder in Pennsylvania, and was thus subject to Pennsylvania's mandatory sentence of life without parole, his constitutional rights were violated since states such as Rhode Island and North Carolina do not have mandatory life sentences for murder.

Petitioner's claim is remarkably meritless. First, he does not meet any of the timeliness provisions. Though he attempts to fit his claims into both Section 9545(b)(1)(iii) and Section 9545(b)(2) of the PCRA, his *Obergefell* claim neither establishes the creation of an after-recognized Constitutional right applicable to Petitioner, nor qualifies as after-discovered information. Therefore, his untimely petition is without exception. Second, even if this court had jurisdiction to address the merits, there is nothing to suggest that *Obergefell* would in any way be applicable to Petitioner's claim. *Obergefell*'s historic holding is premised on the Court's finding that same-sex couples have the right as opposite-sex couples to enjoy intimate association such as, marriage. Petitioner's argument that *Obergefell* applies to his sentence of life imprisonment without parole for a conviction of first degree murder is incongruous.

3

In sum, Petitioner's latest attempt at PCRA relief is untimely, and no exception to timeliness applies. This Court is therefore unable to reach the merits of the claims, and the petition is dismissed.

BY THE COURT:

_____
LEON W. TUCKER, J.

Date: 5-13-2016

4