COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael WILSON, Appellant.

Superior Court of Pennsylvania.

Submitted April 8, 2003.
Filed May 12, 2003.

Elayne Bryn, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: JOHNSON, FORD ELLIOTT, JOYCE, STEVENS, ORIE MELVIN, LALLY–GREEN, BENDER, BOWES and GRACI, JJ.

OPINION BY JOYCE, J.:

¶ 1 Michael Wilson, Appellant, appeals from the May 23, 2001 order denying his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541—9546. We hold that Appellant's PCRA petition is untimely because Appellant failed to file his petition within one year of the date his judgment of sentence became final. We further hold that Appellant failed to plead and prove the applicability of one of the limited exceptions to the jurisdictional timeliness requirements of the PCRA. Accordingly, we affirm the order of the PCRA court denying relief. The relevant facts and procedural history are as follows.

¶ 2 On February 15, 1997, Appellant waited in his vehicle while his three accomplices robbed a diner in Philadelphia. Following the robbery, Appellant drove his accomplices away from the diner. Appellant was subsequently apprehended. On January 21, 1998, Appellant was found guilty of five counts of robbery,[1] and one count each of criminal conspiracy,[2] carrying firearms on public streets,[3] and possessing an instrument of crime.[4] On March 9, 1998, Appellant was sentenced to an aggregate term of sixteen and one-half to sixty-three years' imprisonment.

¶ 3 On April 9, 1998, Appellant filed a direct appeal from his judgment of sentence. On October 27, 1998, this Court dismissed Appellant's appeal due to the failure of Appellant's counsel to file a brief.[5] *Commonwealth v. Wilson*, No.

---

1.   18 Pa.C.S.A. § 3701.

2.   18 Pa.C.S.A. § 903.

3.   18 Pa.C.S.A. § 6108.

4.   18 Pa.C.S.A. § 907.

5.   Appellant's counsel also failed to file a Pa. R.A.P. 1925(b) statement despite being direct-

1324 EDA 1998, Per Curiam Order at 1, 731 A.2d 200 (Pa.Super. filed October 27, 1998). Appellant did not file a petition for allowance of appeal with our Supreme Court. On December 8, 1999, Appellant filed a *pro se* PCRA petition alleging ineffectiveness of counsel in failing to file an appellate brief upon Appellant's request to do so. Present counsel was subsequently appointed to represent Appellant, and an amended PCRA petition was filed seeking reinstatement of Appellant's direct appeal rights due to the ineffectiveness of trial counsel. The Commonwealth filed a response to Appellant's amended PCRA petition asserting that Appellant's petition was untimely and therefore should be dismissed.[6]

¶ 4 On April 6, 2001, the PCRA court informed Appellant of its intention to dismiss his untimely PCRA petition without a hearing. *See* Pa.R.Crim.P. 907 (formerly Rule 1507). In Appellant's May 1, 2001 response to the notice of intention to dismiss his PCRA petition, Appellant stated that he "did not know that [his] appeal . . . had been dismissed for my attorney's failure to file a brief until August 18, 1999." Appellant's Response to [Pa.R.Crim.P. 907] Notice of Intention to Dismiss, Certified Record, at D-13. On May 23, 2001, the PCRA court dismissed Appellant's PCRA petition because Appellant failed to file his petition within one year of the date his judgment of sentence became final and he failed to invoke any of the limited exceptions to the timeliness requirements of the PCRA. Trial Court Opinion, 10/19/01, at 4. Appellant thereafter filed this timely appeal as well as a Pa.R.A.P. 1925(b) statement.

¶ 5 Appellant presents the following issue for our review:

Whether trial counsel was ineffective for failing to file an appeal brief to [this] Court?

Appellant's Brief, at 2.

¶ 6 We begin with our standard of review. Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Ceo*, 812 A.2d 1263, 1265 (Pa.Super.2002) (citation omitted). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001) (citation omitted).

¶ 7 On November 17, 1995, the General Assembly amended the PCRA specifically mandating jurisdictional timeliness requirements for the filing of PCRA petitions. Section 9545(b) of the PCRA provides as follows:

**(b) Time for filing petition. -**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

ed to do so pursuant to a May 12, 1998 order of the trial court.

6. Appellant's amended PCRA petition did not assert a statutory exception to the jurisdictional timeliness requirements of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

(4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa.C.S.A. § 9545(b).

¶ 8 It is imperative to note that the timeliness requirements of the PCRA are jurisdictional in nature. *Commonwealth v. Pursell*, 561 Pa. 214, 219, 749 A.2d 911, 913 (2000). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed .within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). The substantive merits of a PCRA petition are irrelevant to the time-

liness of the PCRA petition. *Commonwealth v. Murray*, 562 Pa. 1, 5, 753 A.2d 201, 203 (2000) (citation omitted).

¶ 9 Initially, we will review recent decisions of both our Supreme Court and this Court addressing the failure of counsel to perfect an appeal, and the subsequent filing of an *untimely* PCRA petition alleging ineffective assistance of counsel, as we find these decisions to be instructive.

¶ 10 In *Murray*, 562 Pa. at 2, 753 A.2d at 201, trial counsel filed an untimely direct appeal that was subsequently dismissed by this Court. Thereafter, the appellant filed an untimely PCRA petition alleging ineffectiveness of counsel. The PCRA court dismissed the appellant's PCRA petition because the petition was untimely and the appellant failed to prove that his claims met one of the exceptions to the timeliness requirements of the PCRA. This Court affirmed the order of the PCRA court. Upon appeal, our Supreme Court held as follows:

> Given the fact that [the appellant's] PCRA petition was not filed within a year of the date that his judgment became final … **and** given the fact that [the appellant] has never alleged that any of the exceptions to the timeliness requirements apply to his claim that his counsel was ineffective for failing to file a timely direct appeal on his behalf, the PCRA court did not err by dismissing [the appellant's] petition as untimely filed ….

*Id.* at 6, 753 A.2d at 203 (emphasis added). Moreover, our Supreme Court emphasized that it was the appellant's "failure to file his PCRA petition in a timely manner, and not the nature of his ineffectiveness claim which [was] fatal to the success of his appeal from the dismissal of his petition." *Id.*

¶ 11 In *Commonwealth v. Zuniga*, 772 A.2d 1028 (Pa.Super.2001), the appellant filed an untimely PCRA petition and failed to invoke any of the exceptions to the timeliness requirements of the PCRA. This Court discussed the Supreme Court's decision in *Commonwealth v. Lantzy*, 558 Pa. 214, 736 A.2d 564 (1999). In *Lantzy*, 558 Pa. at 217, 736 A.2d at 566, the appellant filed a *timely* PCRA petition asserting that ineffectiveness of counsel deprived him of his direct appeal rights. Our Supreme Court held that the appellant was entitled to restoration of his direct appeal rights where counsel failed to file a requested direct appeal and "... where the remaining requirements of the PCRA [were] satisfied ...." *Id.* at 226–227, 736 A.2d at 572. This Court in *Zuniga*, 772 A.2d at 1032, determined that unlike *Lantzy*, the appellant filed an *untimely* PCRA petition. This Court therefore found that the appellant's case was more synonymous with *Murray*, 562 Pa. at 6, 753 A.2d at 203, and held that the PCRA court properly dismissed the appellant's untimely PCRA petition because the PCRA court was without jurisdiction to address the claims in the petition.

¶ 12 Finally, in *Carr*, 768 A.2d at 1166, the appellant filed an untimely PCRA petition alleging that counsel failed to file a requested direct appeal. The appellant further alleged that his PCRA petition satisfied one of the exceptions to the timeliness requirements of the PCRA because he did not become aware of counsel's failure to file a direct appeal until after the one-year time limitation of the PCRA. This Court disagreed holding that "... absent assertions of due diligence, the mere discovery of trial counsel's failure to file a direct appeal, after the one-year window to file a PCRA petition, does not place [the] appellant under subsection 9545(b)(1)(ii) [of the PCRA.]" [7] *Id.* at 1168. This Court therefore held that the PCRA court lacked jurisdiction to address the claims in the appellant's untimely PCRA petition.

¶ 13 In the case *sub judice*, Appellant's judgment of sentence became final on November 27, 1998 when the thirty-day appeal period expired for seeking review with our Supreme Court. *See* 42 Pa. C.S.A. § 9545(b)(3) (a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and our Pennsylvania Supreme Court, or at the expiration of time for seeking such review); Pa. R.A.P. 1113(a). Therefore, pursuant to Section 9545(b)(1) of the PCRA, Appellant was required to file his PCRA petition within one year of November 27, 1998, namely, November 29, 1999,[8] in order for his petition to meet the jurisdictional timeliness requirements of the PCRA.

¶ 14 The record establishes that Appellant filed his PCRA petition on December 8, 1999, nine days after the one-year timeliness requirement of the PCRA. As such, Appellant's PCRA petition is untimely on its face. Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply. However, Appellant has failed to invoke the applicability of **any** of the exceptions to the timeliness require-

---

7. This Court found that the appellant, through the exercise of due diligence, could have ascertained counsel's failure to file a direct appeal prior to the one-year time limitation of the PCRA. *Id.* For example, the appellant could have contacted his attorney or the office of the clerk of courts to determine if an appeal had been filed on his behalf. *Id.*

8. November 27, 1999 was a Saturday. Therefore, Appellant had until Monday, November 29, 1999 to file a timely PCRA petition.

ments of the PCRA. Appellant's Brief, at 7–10. To the contrary, Appellant merely asserts that trial counsel was ineffective in failing to file an appellate brief. *Id.* Although we have grave concerns with trial counsel's failure to file an appellate brief, counsel's dereliction does not save Appellant's untimely PCRA petition from the jurisdictional timeliness requirements of Section 9545(b) of the PCRA. *Murray,* 562 Pa. at 6, 753 A.2d at 203; *Gamboa–Taylor,* 562 Pa. at 80, 753 A.2d at 785; *Carr,* 768 A.2d at 1168. Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.

¶ 15 Moreover, the record reveals that Appellant specifically admitted that he became aware of the dismissal of his direct appeal on August 18, 1999. Appellant's Response to [Pa.R.Crim.P. 907] Notice of Intention to Dismiss, Certified Record, at D–13. As a result, the sole fact upon which Appellant's claim is predicated (the failure of trial counsel to file an appellate brief) was known to Appellant as early as August 18, 1999,[9] approximately three and one-half months prior to the one-year timeliness requirement of the PCRA. Although Appellant could have sought timely collateral relief as early as August of 1999, he failed to seek collateral relief until December of 1999.[10] At that point, any petition Appellant filed under the PCRA would have been untimely. Appellant could have, and should have, preserved his ineffectiveness claim simply by filing a timely PCRA petition. The mere fact that Appellant alleges that his trial counsel was ineffective in perfecting his direct appeal rights does not save his untimely PCRA petition from the jurisdictional timeliness requirements of the PCRA.

¶ 16 Based upon the foregoing analysis, we conclude that Appellant's PCRA petition is untimely as the petition was not filed within one year of the date Appellant's judgment of sentence became final and Appellant failed to invoke the applicability of any of the limited exceptions to the jurisdictional timeliness requirements of the PCRA. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition, regardless of the merit of Appellant's ineffectiveness claim, because the PCRA court lacked jurisdiction to address Appellant's claim.

¶ 17 Order affirmed.

---

9. Section 9545(b)(2) of the PCRA requires that any petition invoking an exception to the timeliness requirements of the PCRA must be filed within sixty-days of the date the claim could have been presented. The sixty-day time period begins to run from the moment the evidence was discovered. *Commonwealth v. Herrold,* 776 A.2d 994, 998 (Pa.Super.2001).

10. It is interesting to note that Appellant states that "[i]t is unclear whether [he] could have determined the facts upon which his claim was predicated within the one-year time requirement [of the PCRA.]" Appellant's Brief, at 9.