J-A22011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CONWAY REGINAL BROWN | |
| Appellant | No. 2013 MDA 2013 |

Appeal from the Order Entered October 10, 2013
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003355-2009

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED FEBRUARY 24, 2015**

Appellant, Conway Reginal Brown, appeals from the order entered by the Honorable Merle L. Ebert, Jr., Court of Common Pleas of Cumberland County, that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  After careful review, we affirm.

Brown was pulled over for an investigative stop after the Dauphin County Drug Task Force received a tip that led to him.  During the stop, a bag of cocaine was found on Brown.  A search warrant was subsequently obtained, and more cocaine was found in his home.  The trial court denied Brown's motion to suppress the cocaine from both locations, and Brown proceeded to trial on a stipulated record.  Upon this record, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

found Brown guilty of possession with intent to deliver cocaine, and subsequently sentenced Brown to a sentence of four to eight years in prison.

Brown filed a direct appeal, challenging the trial court's denial of his suppression motion. This Court affirmed his judgment of sentence on December 8, 2011. Brown did not seek allowance of appeal from the Pennsylvania Supreme Court. Brown filed the instant PCRA petition on February 28, 2013. After holding a hearing on Brown's petition, the PCRA court dismissed it via order dated October 10, 2013. This timely[1] appeal followed.

We need not address the substance of Brown's appeal, as we conclude that we do not have jurisdiction. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004).

Brown's judgment of sentence became final on January 9, 2012,[2] thirty days after this Court affirmed his judgment of sentence and the time in which to seek an allowance of appeal in our Supreme Court expired. *See*

---

[1] Brown's notice of appeal, filed November 13, 2013 is considered timely, as the PCRA court's order was not entered onto the PCRA court's docket until after the notice of appeal was filed.

[2] January 7, 2012 was a Saturday. Therefore, Brown had until the 9th to file his petition for allowance of appeal.

42 Pa.C.S.A. § 9545(b)(3). Brown had one year from that date to file a petition for collateral relief, specifically, until January 9, 2013. *See* 42 Pa.C.S.A. §9545(b)(1).

Brown filed the instant petition on February 28, 2013, well beyond the January 9, 2013 date. Therefore, as Brown's PCRA petition was not timely filed, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 [PA.CONS.STAT.ANN.] § 9545(b)(1)(i)-(iii) applies." ***Commonwealth v. Pursell***, 749 A.2d 911, 914-915 (Pa. 2000). ***See also Commonwealth v. Wilson***, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*).

Our review of Brown's counseled PCRA petition reveals that he failed to plead any of the exceptions enumerated to the PCRA's time bar, thereby divesting this Court of jurisdiction. ***See Commonwealth v. Wharton***, 886 A.2d 1120, 1127 (Pa. 2005).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015