J-S67035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STRATTON PEAY | |
| Appellant | No. 552 EDA 2016 |

Appeal from the PCRA Order January 28, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0105571-1997

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 07, 2016**

Appellant Stratton Peay appeals, *pro se*, the order entered in the Court of Common Pleas of Philadelphia County on January 28, 2016, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  After our review, we affirm.

On February 24, 1999, Appellant was convicted of third degree murder, aggravated assault, recklessly endangering another person and possessing an instrument of crime.  On March 25, 1999, the trial court sentenced Appellant to an aggregate term of life in prison.[2]  Following his

_____

[1] 42 Pa.C.S.A. §§ 9541-46.

[2] Although Appellant was convicted of third degree murder, this was his second conviction for that charge.  Accordingly, the trial court imposed a mandatory sentence of life imprisonment for this second third degree

*(Footnote Continued Next Page)*

*Former Justice specially assigned to the Superior Court.

appeal, this Court affirmed the judgment of sentence on August 24, 2002, and our Supreme Court denied his petition for allowance of appeal on December 17, 2002. Appellant filed a timely first PCRA petition on March 11, 2003, *pro se*, following which counsel was appointed and filed an amended petition, although Appellant continued to file numerous documents, *pro se*. The PCRA court ultimately dismissed the petition on September 24, 2008.

Appellant filed the instant PCRA petition on October 10, 2013, and he amended the same on April 3, 2015. Therein, Appellant alleged a detective's misconduct in coercing his confession constituted after discovered evidence and that trial counsel had been ineffective. Appellant also asserted his innocence and claimed he had been the victim of a governmental conspiracy to prevent him from accessing the courts.

After notifying Appellant of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907 and following its review of Appellant's answer thereto, the trial court denied the petition without a hearing on January 28, 2016.[3] Appellant filed a timely appeal with this Court on February 12, 2016, and in his brief, presents the following questions for our review:

_(Footnote Continued)_ ────────────────

murder conviction under 42 Pa.C.S.A. § 9715(a). Appellant's life sentence did not preclude the possibility of parole.

[3] In his response to the PCRA court's dismissal notice, Appellant effectively attempted to invoke the governmental interference exception to the PCRA time-bar, **see** 42 Pa.C.S. § 9545(b)(1)(i) and claimed his confession had been coerced.

1.    DID THE LOWER COURT ERR WHEN IT DISMISSED [APPELLANT'S] PCRA PETITION WITOUT [sic] HEARING EVEN THOUGH [APPELLANT] PROPERLY PLED AND WOULD HAVE BEEN ABLE TO PROVE ISSUES THAT WOULD HAVE LEAD [sic] TO RELIEF IN THE FORM OF DISMISSAL OF CHARGES, OR A NEW TRIAL, WHEREIN THE PROSECUTION WITHHELD IMPEACHMENT EVIDENCE OF A MATERIAL LEVEL CONCERNING DETECTIVE LUBIEJEWSKI'S PRIOR HISTORY OF MISCONDUCT CONCERNING CONFESSIONS?

2.    DID THE LOWER COURT ERR WHEN IT DISMISSED [APPELLANT'S] PCRA PETITION WITHOUT HEARING EVEN THOUGH [APPELLANT] PROPERLY PLED AND WOULD HAVE BEEN ABLE TO PROVE ISSUES THAT WOULD HAVE LEAD [sic] TO RELIEF IN THE FORM OF DISMISSAL OF CHARGES, OR A NEW TRIAL, WHERE TRIAL COUNSEL COMMITTED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILURE TO INVESTIGATE AND OBTAIN IMPEACHMENT EVIDENCE AGAINST DETECTIVE LUBIEJEWSKI?

3.    DID LOWER COURT COMMIT AN ABUSE OF DISCRETION WHEN IT DISMISSED [APPELLANT'S] PCRA PETITION WITHOUT HEARING EVEN THOUGH [APPELLANT] PROPERLY PLED AND WOULD HAVE BEEN ABLE TO PROVE ISSUES THAT WOULD HAVE LEAD [sic] TO RELIEF IN THE FORM OF DISMISSAL OF CHARGES, OR A NEW TRIAL, CONCERNING PROSECUTORIAL MISCONDUCT AND INEFFECTIVE ASSISTANCE OF COUNSEL CONCERNING IMPEACHMENT EVIDENCE OF MATERIAL LEVEL AGAINST DETECTIVE LUBIEJEWSKI, AND BY FAILURE TO GRANT DNA/FINGERPRINT TESTING OF 6  FIRED SHELL-CASINS [sic] FOUND AT SCENEOF [sic] CRIMES?

Brief of Appellant at i-ii.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **_Commonwealth v. Wilson_**, 824 A.2d 331, 333 (Pa.Super. 2003) (_en banc_).   Before addressing the

merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted). A petitioner invoking one of these exceptions must file his petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). Moreover, our Supreme Court has repeatedly stated, "a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." *Commonwealth v. Morris*, 573 Pa. 157, 175, 822 A.2d 684, 694 (2003).

Instantly, Appellant was sentenced on March 25, 1999. This Court affirmed his judgment of sentence on August 13, 2002, and our Supreme Court denied his petition for allocator on December 17, 2002. Appellant did not seek allowance of appeal with the United States Supreme Court; therefore, Appellant's judgment of sentence became final ninety days thereafter on March 17, 2003. *See* U.S.Sup.Ct.R. 13.1 (allowing ninety days for the filing of a writ of certiorari in the Supreme Court of the United States); 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). Appellant filed the instant PCRA petition on October 10, 2013; therefore, it is patently untimely,

and the trial court could not address the merits of Appellant's petition unless a timeliness exception applied.

Despite his attempt to invoke the governmental interference exception to the PCRA timeliness requirements, Appellant has not asserted a governmental official had prevented him from timely challenging the voluntariness of his confession. In fact, Appellant filed a timely first PCRA petition in 2003, at which time he argued his confession had been fabricated and coerced and challenged trial counsel's ineffectiveness. Appellant has neither acknowledged the untimeliness of the instant PCRA petition nor otherwise invoked any of the three timeliness exceptions to the PCRA time-bar. Rather, he has raised claims that have been previously litigated either on direct appeal or in his first PCRA petition. *See* 42 Pa.C.S. § 9544(a)(2) (providing a claim is previously litigated for purposes of the PCRA if the highest court in which the petitioner was entitled to review as a matter of right has ruled on its merits).

Based on the foregoing, we find the PCRA court lacked jurisdiction to consider the merits of Appellant's instant PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's January 28, 2016, Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2016