J-S18008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TRACY E. WATTS | |
| Appellant | No. 2032 EDA 2016 |

Appeal from the PCRA Order June 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0707102-2001

BEFORE: PANELLA, J., SOLANO, J., and FITZGERALD[*], J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 06, 2017**

Appellant, Tracy E. Watts, appeals from the order denying his second petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We summarize the relevant facts and procedural history as follows. In 2001, Appellant shot and killed Marquis Henson. Appellant also robbed Mr. Henson of $3,000.00 before fleeing with a cohort. He was apprehended and brought to trial before a jury, which convicted him of first-degree murder, robbery, conspiracy, and possessing an instrument of crime. Just prior to sentencing, Appellant agreed, to avoid a possible sentence of death by lethal

---

[*] Former Justice specially assigned to the Superior Court.

injection, to waive his appellate rights in exchange for a life sentence. Appellant signed a written colloquy, which the court reviewed with Appellant prior to accepting his waiver. The court then formally sentenced Appellant on March 13, 2003, to life imprisonment without parole on Appellant's first-degree murder conviction.[1] Appellant attempted to file a direct appeal, which he later withdrew. Appellant then timely filed his first PCRA petition. The court ultimately dismissed that petition without a hearing, and our Court affirmed the decision. *See Commonwealth v. Watts*, 2109 EDA 2005 (Pa. Super., filed January 24, 2007) (unpublished memorandum). Appellant filed a writ of habeas corpus, and was denied relief.

Appellant filed the instant PCRA petition, his second, on October 29, 2010. Following counsel's entry of appearance, Appellant filed an amended PCRA petition. Neither writing acknowledged the untimeliness of Appellant's PCRA petition, save to say that Appellant purportedly presented "newly-discovered evidence," without any dates or times of the discovery.

The PCRA court held a hearing, and Appellant presented two witnesses who claimed to know of a close relationship between Appellant's trial counsel and the victim's father. One witness, Thomas Davis, claimed the two men frequented the same "motorcycle club" bar. N.T., 6/10/16, at 10. The other

---

[1] Appellant was also sentenced on his remaining charges at that time. As Appellant previously waived his direct appeal rights, we find his judgment of sentence became final for our purposes on March 13, 2003.

witness, James Brooks, whose testimony the court found entirely incredible, stated he heard a close friend of counsel discussing with the victim's father how Appellant's counsel planned to "throw the case." *Id.*, at 24. Appellant's trial counsel testified he did not have a relationship with the victim's father, and that he never agreed to "throw" Appellant's case. *Id.*, at 40. Appellant then testified that he had been threatened while in prison during the trial, and he felt pressured to waive his appellate rights. *See id.*, at 51. The PCRA court ultimately dismissed Appellant's petition on the merits.

On appeal, Appellant argues the trial court erred in denying his PCRA petition, given his presentation of newly discovered evidence regarding counsel's conflict of interest.

As a threshold matter, we note that the timeliness of a PCRA petition is a jurisdictional requisite. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008). A court cannot hear an untimely petition. *See Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004). Therefore, a PCRA petition must be filed within one year of the date the underlying judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. *See* 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a

timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

As noted, Appellant's judgment of sentence became final on March 13, 2003. Thus, Appellant's petition filed on October 29, 2010, is patently untimely. The PCRA court did not conduct a timeliness inquiry, but rather dismissed Appellant's petition on the merits.

We, however, will address the timeliness issue based on the single exception cited in the amended PCRA petition. **See also Commonwealth v. Wilson**, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.")

In his amended petition, Appellant purportedly invokes the newly discovered evidence exception to the PCRA's jurisdictional time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). "In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner *must plead and prove* specific facts that demonstrate his claim was raised within the sixty-day time frame under section 9545(b)(2)." **Commonwealth v. Hernandez**, 79 A.3d 649, 652 (Pa. Super. 2013) (citation and internal quotation marks omitted; emphasis added). **See also** Thomas M. Place, *The Post Conviction Relief Act: Practice and Procedure* (2010 ed.), § 6.01[b] ("The defendant must include the precise date in his or her petition of when he or she learned of the after-

discovered evidence to allow the court to determine whether the exception has been timely invoked.")

While Appellant vigorously argues that trial counsel was corrupt due to a conflict of interest, Appellant fails even to plead, much less prove, that this discovery and subsequent petition fell within the time allotted by the PCRA. This is fatal to his claim. It deprived the PCRA court of jurisdiction to proceed.

Despite Appellant's failure to include precise dates in order for the court to evaluate whether the claim was properly filed within 60 days of the date it could have been presented, the PCRA court nevertheless chose to conduct an evidentiary hearing. The PCRA court should have simply rejected Appellant's petition as untimely. The court should not have held an evidentiary hearing.

Appellant failed to address this timeliness issue in the testimony he presented at the hearing. Moreover, even if Appellant had filed this claim within 60 days of learning of this newly discovered evidence, he also failed to give any reason regarding why he could not have obtained this information sooner with reasonable diligence. Given that Mr. Brooks is Appellant's cousin, and Mr. Davis is Appellant's childhood friend, we find unavailing Appellant's assertions that any of the purported newly discovered evidence presented at the evidentiary hearing was unavailable to him prior to his second PCRA filing.

In response to a question about whether he had told Appellant about counsel's alleged plan to "throw the case" prior to 2010, when Appellant filed the instant petition, Mr. Brooks testified: "I actually seen [Appellant] before then and I told him then too, but it was – I believe I was waiting on him to do whatever he wanted to do." N.T., 6/10/16, at 27. Additionally, Mr. Brooks entirely failed to note in his initial affidavit attached to Appellant's PCRA petition that he ever heard any discussion of a plan to "throw" Appellant's case. The court found Mr. Brooks' testimony incredible.

Appellant's childhood friend, Mr. Davis, also gave conflicting testimony how close his relationship was with Appellant and the frequency of their contact. Contrary to Appellant's assertions that the PCRA court specifically found Mr. Davis "credible," the transcript from the evidentiary hearing reveals that the PCRA court actually stated: "[E]ven accepting everything he said to be true, it doesn't prove [] the cornerstone of the argument." *Id*., at 87.

Given Appellant's failure to prove the timeliness exception, in addition to Mr. Brooks' testimony that he previously told Appellant about the alleged conflict, the record demonstrates Appellant was aware of this supposed ground for relief well before he filed second PCRA petition. The record does not support the PCRA court's brief footnote stating that it found Appellant filed his second pro se PCRA petition within 60 days of learning of his trial counsel's alleged conflict of interest and thus "satisfied the requirements of

the newly discovered evidence exception to the PCRA's time-bar." PCRA Court Opinion, 8/22/16, at 2 n.1. However, we may affirm the PCRA court's decision on any basis. *See Commonwealth v. Burns*, 988 A.2d 684, 690 n.6 (Pa. Super. 2009) ("[A]n appellate court may affirm the lower court on any basis, even one not considered or presented in the court below.")

Appellant has failed to establish that his claims fall within any of the exceptions to the PCRA's timeliness requirement. Accordingly, we affirm the dismissal of Appellant's second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2017