J-S49039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| STEPHEN JAMES RUSSELL | |
| Appellant | No. 111 WDA 2017 |

Appeal from the PCRA Order December 12, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014840-1994,
CP-02-CR-0016481-1994

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] J

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 07, 2017**

Appellant, Stephen James Russell, appeals from the order entered in the Allegheny County Court of Common Pleas dismissing his Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant claims that his petition was timely filed in light of ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), and ***Miller v. Alabama***, 132 S. Ct. 2455 (2012). We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinion. ***See*** PCRA Ct. Op., 4/3/17, at 1-2. Appellant raises the following issues for review:

> I. Is [Appellant's] PCRA petition timely filed?

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

II. Did [Appellant's] mandatory sentence of life without parole, imposed for acts committed at the age of nineteen (19), violate the eighth amendment of the United States Constitution, as well as the equal protection clause of the fourteenth amendment to the U.S. Constitution and article 1, § 26 of the Pennsylvania constitution?

III. Did [Appellant's] sentence violate the eighth amendment's prohibition of mandatory life without parole for youthful offenders as *Miller* and *Montgomery* prohibit the mandatory imposition of life without parole sentences upon offenders who possess characteristics of youth that render them categorically less culpable under the eighth amendment?

IV. [Did Appellant's] conviction for second-degree felony murder render him categorically less culpable and is he therefore entitled to relief under *Miller* and *Montgomery*?

V. Does Pennsylvania law that permits mandatory sentences of life without parole for crimes committed by 19-year olds lack a rational basis in light of *Miller's* prohibition against such sentences for offenders aged 17 and younger in violation of the equal protection clauses of the Pennsylvania and U.S. Constitution?

VI. Have the issues raised herein been previously litigated nor waived?

VII. Have the issues raised herein met the *Lawson* standard for a second or subsequent PCRA petition?

Appellant's Brief at 3.

Appellant argues that *Miller* and *Montgomery* provide him relief from the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii). He specifically avers that because he was 19 years old at the time the crimes in question occurred, "he was experiencing the transitory phases of a developing

- 2 -

adolescent and lacked the ability to assess consequences as outlined and discussed in [*Miller* and *Montgomery*]." Appellant's Brief at 10.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

After careful consideration of Appellant's brief, the record, and the decision of the PCRA court, we affirm on the basis of the PCRA court's opinion. *See* PCRA Ct. Op. at 2-4 (holding: Appellant's current PCRA petition, filed five years after his was judgment of sentence became final in 2003, was patently untimely; Appellant has not proven any of the timeliness exceptions because *Miller* and *Montgomery* do not provide him relief from the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii) where Appellant was 19 years old at the time of the commission of the crimes at issue; the PCRA court lacks jurisdiction to address the merits of Appellant's claims).

Accordingly, we affirm the PCRA court's dismissal of Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2017

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

vs.

STEPHEN JAMES RUSSELL
Defendant

CC NO: 199414840, 199416481

# OPINION

On January 11, 2017, the Defendant filed an appeal to the Pennsylvania Superior Court from this Court's Order of December 12, 2016, which dismissed the Defendant's PCRA Petitions that were filed on December 2, 2008, and March 16, 2016. This Court Ordered Defendant to file a 1925(b) Statement of Errors Complained of on Appeal on February 3, 2017. The Defendant's Statement was timely filed on February 24, 2017.

This matter involves the fatal shooting of Eric Bible on October 28, 1994. On February 1, 1996, a jury found the Defendant guilty of second degree homicide and two counts of Robbery, one count of Violation of the Uniform Firearms Act (VUFA), and one count of Recklessly Endangering Another Person. On March 11, 1996, this Court sentenced the Defendant to life incarceration without parole, and a consecutive two to four years for both robbery and for VUFA .

Defendant's judgment of sentence was affirmed by the Superior Court of Pennsylvania on May 3, 2001, and his Petition for Allowance of Appeal was denied by the Pennsylvania Supreme Court on October 3, 2001. The defendant

1

did not file a petition for *writ of certiorari* to the United States Supreme Court. Judgment of sentence became final on January 1, 2002. Therefore, Defendant had until January 1, 2003, to file a timely PCRA Petition. The Defendant's instant PCRA Petitions were untimely filed in 2008 and in 2016.

This Court appointed the Public Defender's Office to represent the Defendant with his PCRA petitions. Counsel filed an amended PCRA petition on August 25, 2016. The Commonwealth filed an Answer to the PCRA petition on October 14, 2016. This Court entered an Order of Notice of Intention to Dismiss on October 18, 2016. The Defendant's PCRA Petition was denied by this Court on December 12, 2016.

The Defendant's instant PCRA petition was untimely filed over five years after the period for a timely PCRA had expired. Therefore, Defendant must prove that any of the timeliness exceptions under 42 Pa.C.S.9545(b)(i-iii) are applicable to his case. There are three exceptions to the PCRA time-bar: (1) interference by government officials in the presentation of the claim; (2) after-discovered evidence; or (3) a newly recognized and retroactively applied constitutional right. Commonwealth v. Beasley, 741 A.2d 1258 (Pa 1999). The after-discovered evidence exception requires Defendant to prove that the facts upon which the claim is based were not previously known to him, and that they could not have been obtained earlier through due diligence. If the Defendant is able to establish one of the above exceptions, a petition must be filed within 60 days of the date that the claim could have been presented. Commonwealth v. Abu-Jamal, 720 A.2d 79 (Pa 1998).

In the Defendant's PCRA Petition, Defendant claims that the cases of *Miller v. Alabama*, ___U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and

2

*Montgomery v. Louisiana*, ___U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), are applicable to his case and satisfy the timeliness exceptions under 42 Pa.C.S.9545(b)(i-iii), as a newly recognized and retroactively applied constitutional right. The United States Supreme Court decision in *Miller* holds that a sentence of life without parole is unconstitutionally cruel and unusual punishment when the defendant was under age 18 at the time he committed the murder. The United States Supreme Court decision in *Montgomery* holds that the determination in *Miller* applies retroactively to cases on state collateral review. The *Miller* decision applies only to perpetrators that are under the age of 18 when they committed the crime.

In the instant case, the Defendant was 19 years old when he committed the homicide, therefore, *Miller* and *Montgomery* do not apply to his case. The Defendant urges this Court to extend the holding in *Miller* to apply to cases where the perpetrator is over the age of 18. This Court has properly declined to apply the *Miller* holding to the defendant who was age 19 at the time he committed the homicide. The *Miller* Court expressly stated that their decision applies only to defendants who were under the age of 18 at the time of their crimes. *Miller*, 132 S.Ct. at 2460. Therefore, *Miller* does not create a newly recognized constitutional right that can provide an exception to the PCRA timebar for Defendant, who was 19 when he killed the victim.

The Defendant argues that the rationale in *Miller* should be applied to him because he possessed characteristics of youth that rendered him categorically less culpable. The appellate courts have declined to accept arguments regarding immature brain development as support to extend *Miller* to offenders that were over the age of 18 when they committed their crimes. *Commonwealth v. Furgess*, 149 A.3d 90 (Pa.Super.2016), *Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super.2013).

In the Defendant's 1925(b) Statement, Defendant claims that this Court's sentence of life imprisonment without parole violated the Eighth and the Fourteenth Amendment of the United States Constitution and Article 1, §26 of the Pennsylvania Constitution. The Defendant claims he should not have been sentenced to life imprisonment without parole because he was less culpable since he was convicted of second degree murder and was age 19 when he committed the crimes. The Defendant raises *Miller* and *Montgomery* in support of his position. The Defendant has not established that *Miller* and *Montgomery* created a newly recognized and retroactively applied constitutional right that would apply to perpetrators over the age of 18 at the time of their crimes. The Defendant has failed to prove an exception to the PCRA time-bar under 42 Pa.C.S.9545(b)(i-iii). This Court has no jurisdiction to consider the claims raised in in Defendant's untimely PCRA because he did not prove that an exception to timeliness requirement applies.

This Court's Order of December 12, 2016 should be affirmed for the reasons contained herein.

BY THE COURT:

_____
Gerard M. Bigley, S.J.

4