J-S38035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY CAMEROTA | |
| Appellant | No. 3500 EDA 2016 |

Appeal from the PCRA Order November 10, 2016
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s): CP-51-CR-0305521-2006

BEFORE: GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 29, 2017**

Appellant, Anthony Camerota, appeals from the order dismissing his first Post Conviction Relief Act[1] ("PCRA") petition. Appellant contends that both his appellate and trial counsel were ineffective. We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinion. *See* PCRA Ct. Op., 11/10/16, at 1-3. In this timely appeal, Appellant raises the following issue for review: "Is Appellant entitled to post-conviction relief in the form of a new trial or a remand for an evidentiary hearing since trial counsel and appellate counsel were ineffective for failing to adequately challenge the Commonwealth's case at trial and in the direct appeal, respectively?" Appellant's Brief at 4.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Appellant argues that his trial counsel failed to adequately challenge the evidence presented by the Commonwealth. To this end, Appellant generally avers that trial counsel did not highlight that the blood splatter evidence was consistent with Appellant's theory of self-defense and that the medical examiner's testimony did not definitively establish that the victim suffered contact gunshot wounds. Further, Appellant asserts that trial counsel failed to emphasize that the blood evidence found on the couch could have been present long before the shooting in question, and that the shortened barrel of the gun used to shoot the victim could have altered the trajectory of the bullets fired. Appellant further claims his appellate counsel was ineffective for failing to highlight these matters on direct appeal challenging the sufficiency of the evidence. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

It is well settled

> that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. *Strickland v. Washington*, [ ] 104 S. Ct. 2052, [ ] (1984). This Court has characterized the *Strickland* standard as tripartite, by dividing the performance element into two distinct parts. *Commonwealth v. Pierce*, [ ] 527 A.2d 973, 975 ([Pa.] 1987). Thus, to prove counsel ineffective, [a]ppellant must demonstrate that: (1) the underlying legal issue has

arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) [a]ppellant was prejudiced by counsel's act or omission. *Id.* at 975.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012).

After a thorough review of the record, the briefs of the parties, the applicable law, and the PCRA court's opinion, we conclude the PCRA court's opinion properly disposes of Appellant's arguments regarding the ineffective assistance of appellate and trial counsel. *See* PCRA Ct. Op. at 3-9 (finding Appellant's arguments regarding respective counsel's ineffective assistance lacked merit because (1) the medical examiner's testimony was "consistent clear and concise" regarding the range of gunfire as "very, very close, if not contact" (2) Appellant failed to provide any scientific evidence to support his claim that the shortened barrel of the gun in question would cast doubt on the medical examiners conclusions, or to establish what the blood splatter evidence might indicate, or to prove that the blood stains on and around the couch were not related to the murder (3) Appellant also failed to demonstrate that had trial counsel presented the referenced arguments the result of the proceeding would have been different in light of the evidence that Appellant admitted shooting the victim four times in the head). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date:* *9/29/2017*