J-S43042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.           :
:
:
LOUIS DOTTLE           :
:
Appellant      :   No. 110 WDA 2018

Appeal from the PCRA Order December 21, 2017
In the Court of Common Pleas of Lawrence County Criminal Division at
No(s):  CP-37-CR-0000230-1990

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:         **FILED AUGUST 07, 2018**

*Pro se* Appellant Louis Dottle appeals from the order dismissing his fourth Post Conviction Relief Act (PCRA)[1] petition as untimely filed.  He contends that his petition was timely filed under ***Commonwealth v. Burton***, 158 A.3d 618 (Pa. 2017), because he filed the instant petition within sixty days of his discovery that his trial counsel was disbarred in 2002, over a decade after Appellant was convicted.  We affirm.

We adopt the facts and procedural history set forth in this Court's decision affirming the dismissal of his third PCRA petition.  ***See Commonwealth v. Dottle***, 642 WDA 2015, 2016 WL 3135082, *1-*2 (Pa. Super. filed June 1, 2016) (unpublished mem.).  Of note was that his third

_____

[1] 42 Pa.C.S. §§ 9541-9546.

PCRA petition raised the claim that then-Attorney George Micacchione, Appellant's trial counsel, "acted ineffectively by not conveying to him a plea offer presented by the Commonwealth," an issue that was first raised in Appellant's first PCRA petition, filed in 1994, as well as Appellant's second PCRA petition, filed in 1997. *Id.* at *1, *5. This Court affirmed because Appellant failed to establish a timeliness exception. *Id.* at *3-*5 (citation omitted).

The PCRA court docketed Appellant's fourth PCRA petition on September 6, 2017.[2] On September 18, 2017, the court issued a Pa.R.Crim.P. 907 notice, and the court docketed Appellant's response on October 5, 2017. The PCRA court dismissed Appellant's petition as untimely, and Appellant timely appealed. Although the court did not order a Pa.R.A.P. 1925(b) statement, according to the docket, Appellant filed one anyway.[3]

Appellant raises three issues:

1. Did the lower court err in failing to properly apply the exception outlined in 42 Pa.C.S. § 9545(b)(1)(ii)?

2. Does Appellant's newly discovered evidence corroborate his previous claims of ineffective trial counsel?

---

[2] We note that the first two pages of Appellant's petition, although captioned under his name, state the factual and procedural history for a different inmate. Appellant's petition, however, articulates the claim raised on appeal.

[3] The PCRA court transmitted the record to this Court before Appellant filed his Rule 1925(b) statement. The PCRA court did not send a supplemental record to this Court, but Appellant attached to his appellate brief (1) the Rule 1925(b) statement; and (2) the PCRA court's April 24, 2018 order acknowledging receipt of the statement.

3. Is Appellant entitled to post-conviction relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i) and (vi) or in the alternative, entitled to an evidentiary hearing?

Appellant's Brief at 5.

Briefly, Appellant contends that the PCRA court erred by dismissing his petition as untimely under **Burton**. Specifically, Appellant claims that he learned about Attorney Micacchione's 2002 disbarment on September 29, 2017, and he filed his PCRA petition a few days later. **Id.** at 12. Appellant reasons that because his trial counsel was disbarred for lying, he is entitled to PCRA relief because counsel failed to disclose an alleged plea bargain for five to ten years' imprisonment. **Id.** at 15.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final, unless the petition alleges and the petitioner proves one of the three exceptions to the time limitations for filing the petition that are set forth in Section 9545(b) of the statute. **See** 42 Pa.C.S. § 9545(b).

In **Commonwealth v. Cox**, 146 A.3d 221 (Pa. 2016), the Pennsylvania Supreme Court highlighted the distinctions between the timeliness exception

of 42 Pa.C.S. § 9545(b)(1)(ii), and eligibility for relief based on after-discovered evidence under 42 Pa.C.S. § 9543(a)(2)(vi).

> When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained by the exercise of due diligence. We have unequivocally explained that the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception only requires a petitioner to prove that the facts were unknown to him and that he exercised due diligence in discovering those facts.

***Cox***, 146 A.3d at 227 (citations and internal quotation marks omitted).

In ***Burton***, the Pennsylvania Supreme Court held that "the presumption that information which is of public record cannot be deemed 'unknown' for purposes of subsection 9545(b)(1)(ii) [of the PCRA] **does not apply** to *pro se* prisoner petitioners." ***Burton***, 158 A.3d at 638. However, the ***Burton*** Court emphasized that although facts may be unknown to a *pro se* prisoner, the petitioner must nevertheless demonstrate that the information could not have been ascertained through the exercise of due diligence. ***Id.***

Here, Appellant has not pled and proved that he exercised due diligence in not discovering his trial counsel was disbarred in 2002, eleven years after he was convicted and fifteen years before the instant petition. ***See id.*** Thus, he has not established his PCRA petition can overcome the timebar.[4] ***See id.***

---

[4] Regardless, we note that Attorney Micacchione had previously testified that the Commonwealth offered a plea bargain of five to ten years' imprisonment. N.T. PCRA Hr'g, 1/29/96, at 68. Attorney Micacchione testified that he twice

Accordingly, for these reasons, having discerned no abuse of discretion or legal error, we affirm the PCRA court's dismissal of Appellant's fourth PCRA petition.[5]  **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/07/2018

---

conveyed the plea offer to Appellant, who twice rejected the offer.  **Id.** at 69. Attorney Jean Perkins, Appellant's trial co-counsel, who was present when Appellant rejected the plea, corroborated Attorney Micacchione's testimony. **Id.** at 88-89.

[5] Because Appellant's petition is untimely, we need not address his remaining issues, which pertain to Appellant's eligibility for relief.