J-S37023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ISAAM WALTON | : | |
| | : | |
| Appellant | : | No. 2188 EDA 2017 |

Appeal from the PCRA Order Entered June 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011696-2008,
CP-51-CR-0011697-2008

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY McLAUGHLIN, J.:          **FILED SEPTEMBER 12, 2018**

Isaam Walton appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In March 2012, Walton entered a negotiated guilty plea to third-degree murder, attempted murder, and violations of the Uniform Firearms Act. Immediately after accepting the plea, the court sentenced Walton to a total of 25 to 60 years in prison. No appeal was lodged. In 2014, Walton filed what he styled as a petition for a writ of *habeas corpus*. The trial court treated it as a PCRA petition, appointed counsel, and ultimately dismissed it as untimely. Walton did not appeal.

In January 2017, Walton filed the PCRA petition that gave rise to this appeal, alleging that trial counsel had not filed a direct appeal despite Walton's

_____

* Former Justice specially assigned to the Superior Court.

request that he do so. The petition included several exhibits, including a letter from trial counsel's office stating it had no records of any appeal on Walton's behalf. Walton alleged that he had received the letter on November 5, 2014. Walton cited counsel's alleged failure to take a requested appeal as a previously unknown "fact" on which his claim was based. The Commonwealth moved to dismiss the petition as untimely, and the PCRA court gave notice of intent to dismiss without a hearing, pursuant to Pa.R.Crim.P. 907.

The PCRA court granted the Commonwealth's motion and dismissed the PCRA petition for untimeliness. It stated in its Pa.R.A.P. 1925(a) opinion that, even assuming the November 2014 letter qualified as a newly discovered fact sufficient to extend the deadline for seeking PCRA relief, Walton failed to meet even the extended deadline. The court explained that Walton would have had to file the petition within 60 days of receiving the November 2014 letter, in "approximately January 2015," but did not do so until January 2017. PCRA Court Opinion, filed Nov. 29, 2017, at 4.

On appeal, Walton contends that he has established the newly discovered fact exception to the PCRA's one-year time bar. We disagree.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*), *appeal denied*, 839 A.2d 352 (2003).

Like the PCRA court, we conclude that even if the November 2014 letter constitutes a newly discovered fact, Walton's PCRA petition was untimely. Any petition asserting an exception to the PCRA's one-year time-bar must be filed within 60 days of the date on which the petitioner could have first presented the claim. 42 Pa.C.S. § 9545(b)(2). Walton states in both the subject PCRA petition and his appellate brief that he received the letter telling him that counsel had no record of any appeal on his behalf on November 5, 2014. The 60th day after that date was January 4, 2015, which was a Sunday, making the deadline for him to file a PCRA petition based on that "fact" January 5, 2015. **See** 1 Pa.C.S.A. § 1908. Because Walton filed his petition on January 25, 2017, he missed that deadline by more than two years.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/18