J-S30019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CURTIS LATICE HOLBROOK | |
| Appellant | No. 1326 WDA 2017 |

Appeal from the PCRA Order entered August 17, 2017
In the Court of Common Pleas of Cambria County
Criminal Division at No: CP-11-CR-0000886-1991

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED SEPTEMBER 18, 2018**

Appellant, Curtis Latice Holbrook, appeals from the August 17, 2017 order of the Court of Common Pleas of Cambria County, denying his second petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual and procedural background are not at issue here.  Briefly, on January 9, 1992, Appellant entered a guilty plea to possession with intent to deliver.  At the plea colloquy, Appellant admitted that he was in possession of 3.2 grams of crack cocaine that he intended to sell.  N.T. Guilty Plea/Sentencing, 1/9/92 at 6-8.  On the same day, Appellant was sentenced

_____

[*] Retired Senior Judge assigned to the Superior Court.

to serve 15 months to five years in state prison. Appellant did not appeal his sentence.

On February 10, 2014, Appellant filed his first PCRA petition *pro se*, alleging his plea counsel was ineffective in advising him to plead guilty to possessing 3.2 grams of crack cocaine, when he actually possessed only .5 gram (a personal use amount). In his petition, Appellant also claimed that he became aware of the amount issue at the time of sentencing in a federal court proceeding. Finally, in his petition, Appellant stated that he was serving a federal sentence in a federal prison.

The PCRA court denied his first petition as untimely. Appellant appealed to this Court. On appeal, we concluded that, regardless of timeliness issues, Appellant was not eligible for relief because at the time he filed his first PCRA petition, he was no longer serving the challenged sentence. Specifically, we found that Appellant's challenged sentence expired January 3, 2002. **See Commonwealth v. Holbrook**, No. 1156 WDA 2014, unpublished memorandum at 6 (Pa. Super. filed October 30, 2015).

On May 19, 2017, Appellant filed an uncounseled "writ of error coram nobis." After retaining counsel, Appellant filed, *inter alia*, "motions to reinstate post sentencing rights nunc pro tunc and to withdraw guilty plea." Appellant's Brief at 2. On August 17, 2017, the PCRA court denied relief. This appeal followed.

On appeal, Appellant argues that "the [PCRA] court abused its discretion in denying Appellants [sic] motion to withdraw his guilty plea." Appellant's Brief at iii.

We note several, non-exclusive problems with the instant appeal. While Appellant acknowledges that the PCRA subsumed essentially all post-collateral remedies, Appellant's Brief at 3, he makes no effort to explain why the instant petition, which was filed over 24 years after the expiration of the term for filing a timely PCRA petition, is timely. *See* 42 Pa.C.S.A. § 9545(b)(1). Similarly, Appellant provides no discussion of what exception, if any, he met to overcome the one-year jurisdictional bar. *Id.* These omissions are fatal to the instant appeal. *See Commonwealth v. Wilson*, 824 A.2d 331, 336 (Pa. Super. 2003) ("Appellant's failure to timely file his PCRA petition, and his failure to invoke any of the exceptions to the timeliness requirements of the PCRA, results in an untimely PCRA petition under any analysis.").

In addition, nowhere does Appellant explain why he would be eligible for PCRA relief considering that he is not serving the sentence he is challenging. *See* 42 Pa.C.S.A. § 9543(a)(1). Indeed, in 2014, we noted the same, and it was fatal to his first PCRA petition. *See Holbrook*, *supra*, at 6. Yet, Appellant makes no effort to explain how, approximately three years after his first appeal, he became eligible for PCRA relief once again.

In light of the foregoing, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/18/2018