J-S13044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY H. PAGE | |
| Appellant | No. 2356 EDA 2016 |

Appeal from the PCRA Order June 23, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0021037-1986

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 18, 2017**

Appellant, Anthony H. Page, appeals *pro se* from the order of the Montgomery County Court of Common Pleas dismissing his fourth petition filed under the Post Conviction Relief Act[1] ("PCRA") as untimely. Appellant claims that his petition was timely filed in light of **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), and **Miller v. Alabama**, 132 S. Ct. 2455 (2012). We affirm.

A detailed recitation of the factual and procedural history is unnecessary to this appeal. It suffices to note that on October 15, 1986, a jury found Appellant guilty of, *inter alia*, second degree murder for acts he

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

committed when he was twenty years old.[2]  Appellant was sentenced to life imprisonment on August 26, 1987.

Appellant previously filed two PCRA petitions, without relief being granted.  Appellant filed a third PCRA petition seeking relief under *Miller*, which was dismissed.  Appellant did not appeal from the dismissal of his third petition.

On October 24, 2013, Appellant filed a petition for writ of habeas corpus challenging his detention without a sentencing order.  The trial court denied relief on that petition, and this Court affirmed.  *Commonwealth v. Page*, 873 EDA 2014 (Pa. Super. Aug. 13, 2014).

On May 26, 2016, the PCRA court received Appellant's "motion for reconsideration of previously filed PCRA petition," which gives rise to this appeal.[3]  Appellant sought relief in light of *Montgomery*, which the United States Supreme Court decided on January 25, 2016, and claimed he filed his motion within sixty days of that decision.  The PCRA court regarded Appellant's motion as his fourth PCRA petition and issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing.  The court dismissed the petition on June 23, 2016.

---

[2] Appellant's birthday is listed as June 28, 1965.  The relevant events took place in February of 1986.

[3] Appellant's motion was dated March 20, 2016.

Appellant timely appealed. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement, but filed an opinion in which it found that **Miller** did not entitle Appellant to resentencing due his age at the time of the offense. PCRA Ct. Op., 11/7/16, at 2. The court further opined that it was irrelevant whether Appellant filed the instant petition within sixty days of **Montgomery**. **Id.**

Appellant presents the following question for review: "Did the [PCRA] court error in finding a PCRA exception inapplicable?" Appellant's Brief at 2. Appellant specifically contends that **Miller** and **Montgomery** provide him relief from the PCRA time bar under 42 Pa.C.S. § 9545(b)(1)(iii). **Id.** at 8. No relief is due.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

- 3 -

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Here, Appellant does not dispute that the instant petition was untimely on its face. *See* Appellant's Brief at 6. Following our review, we agree with the PCRA court that *Miller* and *Montgomery* do not afford Appellant relief from the PCRA time bar because Appellant was not a juvenile when he committed the offenses. *See Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision

- 4 -

and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Under these circumstances, we also agree that it is unnecessary to determine whether Appellant filed the instant petition within sixty days of **Montgomery**. Thus, we affirm the PCRA court's dismissal of Appellant's fourth PCRA petition. **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017