J-S94039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GEORGE VERLE CONARD | |
| Appellant | No. 1031 MDA 2016 |

Appeal from the PCRA Order June 13, 2016
in the Court of Common Pleas of Perry County Criminal Division
at No(s): CP-50-CR-0000113-1981

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED APRIL 27, 2017**

Appellant, George Verle Conard, appeals *pro se* from the order entered in the Perry County Court of Common Pleas dismissing his latest Post Conviction Relief Act[1] ("PCRA") petition as untimely. He argues that his petition was timely filed pursuant to the "after discovered facts" exception to the PCRA.[2] We affirm.

A prior panel of this Court summarized the facts and pertinent procedural history of this case as follows:

> On February 26, 1982, Appellant was convicted of criminal homicide and criminal conspiracy.[3] He is currently

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 42 Pa.C.S. § 9545(b)(1)(ii).

[3] At trial, the primary witness against Appellant was John R. Connor. Appellant confessed to Connor while Connor was wearing a wire. Trial Ct.

serving a life sentence. In an unpublished memorandum filed on September 7, 1984, this Court affirmed his judgment of sentence. ***Commonwealth v. Conard***, 482 A.2d 666 (Pa. Super. 1984). Thereafter, Appellant filed a PCRA petition that the trial court dismissed as untimely. This Court affirmed the denial of post-conviction relief in an unpublished memorandum filed on June 18, 2001. ***Commonwealth v. Conard***, 779 A.2d 1215 (Pa. Super. 2001). On May 26, 2011, Appellant filed [his second] *pro se* PCRA petition. By order entered June 15, 2011, the PCRA court denied Appellant's petition as untimely.

***Commonwealth v. Conard***, 263 MDA 2012 (unpublished memorandum at 1-2) (Pa. Super. Aug. 3, 2012). This Court affirmed the PCRA court's denial of Appellant's second PCRA petition. ***See id.***

Appellant filed the instant third PCRA petition *pro se* on May 13, 2015. The PCRA court denied Appellant's petition via a June 13, 2016 order. Appellant appealed and timely filed a Pa.R.A.P. 1925(b) statement. The PCRA court filed a Rule 1925(a) opinion on July 12, 2016 wherein the court found Appellant's third PCRA petition to be untimely and not eligible for relief due to any alleged "after discovered" evidence.

Appellant raises the following issues for our review:

I. Did the [PCRA court] abuse it's discretion when it denied the PCRA petition that was filed in this instant case

---

Op. 7/12/16, at 1. It is unclear whether Connor had criminal charges pending against him when the application for the wire used against Appellant was granted. ***Id.*** Nevertheless, "it doesn't appear to be any secret that the witness looked to or hoped for favorable treatment and that [the] whole matter was developed at the trial, with the jury having an opportunity to consider that background information on the issue of the witness's credibility." ***Id.*** at 1-2.

because the Commonwealth violated, 42 Pa.C.S.A. § 9545 (b)(1)(i and ii)?

II. Was the evidence/documents attached to the PCRA [petition] proof of the Commonwealth's violation of 42 Pa.C.S.A. § 9545 (b)(i) and (b)(ii)?

III. Did the Commonwealth violate **Brady** concerning Conn[o]r's leniency deal?

Appellant's Brief at 5.

The crux of all three of Appellant's issues lies in his contention that he was not able to obtain the application for a body wire, concerning the wire worn by witness Connor, until May 5, 2015. Appellant states that he received the application due to a Freedom of Information Act ("FOIA") request. Appellant specifically avers that the application for the wire is relevant because it does not list any criminal charges pending against Connor at that time the application was made. Appellant's Brief at 6. Appellant posits that the wire application might not have been granted if such charges had been listed. **Id.** No relief is due.

This Court has stated:

> In reviewing the propriety of an order denying PCRA relief, this Court is limited to examining whether the evidence of record supports the determination of the PCRA court, and whether the ruling is free of legal error. Great deference is given to the findings of the PCRA court, which may be disturbed only when they have no support in the certified record.

**Commonwealth v. Perry**, 959 A.2d 932, 934-35 (Pa. Super. 2008) (citations omitted).

- 3 -

Because the timeliness requirements of the PCRA are jurisdictional in nature, we first review the PCRA court's determination that Appellant's petition was untimely. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

> Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits. Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, the filing period is only extended as permitted; in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2). As it has been established that the PCRA's time restrictions are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii).

**Fahy**, 737 A.2d at 222 (citations omitted).

The three timeliness exceptions are:

(i)    The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

"[S]ubsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.'  Rather, it simply requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'"  **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007) (footnote omitted).  "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection."  **Id.** at 1272.

In the instant case, Appellant's judgment of sentence became final on October 8, 1984, which marked the expiration of the thirty-day time period for filing an allowance of appeal to the Pennsylvania Supreme Court after the Pennsylvania Supreme Court had expired.  42 Pa.C.S. § 9545(b)(3) (stating "a judgment becomes final at the conclusion of direct review . . .  or at the

expiration of time for seeking the review"). Thus, Appellant had until October 8, 1985 to file a timely PCRA petition. The instant PCRA petition, filed on May 13, 2015, almost thirty-years after Appellant's judgment of sentence became final, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1). Accordingly, we must determine whether the PCRA court erred in holding that Appellant did not plead and prove one of the timeliness exceptions.

Appellant argues that the application for the wire worn by Connor constitutes "after-discovered" evidence and therefore his instant petition should have been considered timely under timeliness exceptions to PCRA's time bar. *See* 42 Pa.C.S. § 9545(b)(1)(ii). However, Appellant provides no explanation for why he did not seek this document in the almost three decades since his trial. Thus, we conclude that Appellant did not exercise due diligence, as required under Section 9545(b)(1)(ii). *See Bennett*, 930 A.2d at 1270.

Accordingly, we conclude that Appellant has not pled and proven that he is entitled to subsection 9545(b)(1)(ii)'s timeliness exception. *See Wilson*, 824 A.2d at 333; *Fahy*, 737 A.2d at 222; *Bennett*, 930 A.2d at 1270. Therefore, we affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

J-S94039-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017