J-S49041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES EDWARD MITCHELL | : | |
| | : | |
| Appellant | : | No. 204 WDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001924-1997

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED AUGUST 30, 2017**

Appellant, James Edward Mitchell, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas dismissing his serial Post Conviction Relief Act[1] ("PCRA") petition. Appellant argues he is entitled to relief pursuant to the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012). We affirm.

On May 18, 1998, a jury convicted Appellant of, *inter alia*, first-degree murder[2] for acts committed when he was twenty-two years old. The trial court sentenced Appellant to life without parole on July 10, 1998. On April

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2502(a).

17, 2002, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on October 4, 2002. **See Commonwealth v. Mitchell**, 803 A.2d 795 (Pa. Super. 2002), *appeal denied*, 809 A.2d 903 (Pa. 2002). On June 20, 2003, Appellant timely filed his first PCRA petition *pro se*. The PCRA court appointed counsel who filed an amended petition to which the Commonwealth responded. Following a hearing, the PCRA court denied Appellant's petition on July 27, 2004. This Court affirmed. Appellant subsequently filed several unsuccessful PCRA petitions.

Appellant filed his current PCRA petition *pro se* on August 29, 2016. The PCRA court issued notice of intent to dismiss Appellant's petition without a hearing, pursuant to Pa.R.Crim.P. 907. Appellant responded *pro se* and on January 20, 2017, the PCRA court dismissed the petition. Appellant timely filed a notice of appeal *pro se* on February 1, 2017. The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted).

As our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from

- 2 -

considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

***Commonwealth v. Whitney***, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." ***Commonwealth v. Copenhefer***, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Instantly, there is no dispute that Appellant's current petition, filed on August 29, 2016, is facially untimely. Nevertheless, Appellant alleges his

sentence of life without parole is unconstitutional pursuant to **Miller**, which was decided on June 25, 2012. However, Appellant was more than eighteen years old at the time he committed murder. Therefore, the right recognized by **Miller** and held to be retroactive in **Montgomery v. Louisiana**, 136 S. Ct. 718, 724 (2016), does not provide Appellant a basis for relief from the PCRA time bar. **See Miller**, 132 S. Ct. at 2460 (holding mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional). Accordingly, we affirm the PCRA court's order dismissing Appellant's petition.[3] **See Wilson**, 824 A.2d at 833.

Order affirmed. Motion for remand denied.

_____

[3] During the pendency of this appeal, private counsel entered his appearance on behalf of Appellant and on July 14, 2017, filed a motion for remand based on after-discovered evidence. The Commonwealth has not filed a response. Nevertheless, we deny Appellant's motion without prejudice for him to raise the issue in a subsequent PCRA petition, which must be filed within sixty days of the final resolution of Appellant's current petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding that when an appellant's PCRA petition is pending on appeal, a subsequent PCRA petition cannot be filed until the pending petition is either resolved by the highest court in which an appellant seeks review or upon the expiration of time for seeking such review; moreover, the subsequent petition must be filed within sixty days of the date the pending petition is finally resolved).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/30/2017