J-S52020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES R. CRUZ, JR. | |
| Appellant | No. 1728 MDA 2016 |

Appeal from the PCRA Order September 14, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001246-1993

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED SEPTEMBER 29, 2017**

James Cruz, Jr. appeals from the order, entered in the Centre County Court of Common Pleas, dismissing his second Post Conviction Relief Act[1] ("PCRA") petition.  We affirm.

The relevant facts and procedural history of this case are as follows.  Cruz was convicted of criminal homicide and theft on June 14, 1994 and was sentenced to life imprisonment.  At trial, the Commonwealth entered evidence relating to a number of hairs, recovered during the underlying criminal investigation, which implicated Cruz in the murder.  Specifically, hair identified as belonging to the victim was found in

_____

[1] 42 Pa.C.S. §§ 9541-9546.

the cab of Cruz's truck, and hair identified as belonging to Cruz was found on the ropes that had been used to bind and fatally strangle the victim.

To establish that the recovered hairs belonged to Cruz and to the victim, the Commonwealth relied, in part, on microscopic hair analysis. FBI Agent Chester Blythe testified at trial regarding the use of microscopic hair analysis as a forensic method. In this testimony, Agent Blythe drew scientific conclusions that implicated Cruz in the murder of the victim. It is this testimony that forms the basis of Cruz's current PCRA petition.

Per an agreement with the Innocence Project, the Department of Justice ("DOJ") ordered the FBI to undertake a review of cases that involved microscopic hair analysis, including Cruz's conviction. As a result of that review, the DOJ issued a letter on June 8, 2015 that identified several areas in which Agent Blythe's testimony exceeded the scientific limitations of microscopic hair analysis. A copy of the DOJ letter was subsequently provided to Cruz, which prompted the current PCRA petition.

As a threshold issue, a court has no jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003). To be timely, a PCRA petition must be filed within one year of final judgment. 42 Pa.C.S. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3).

Cruz was sentenced on June 14, 1994, and this Court affirmed his judgment of sentence on December 22, 1995. ***Commonwealth v. Cruz,*** 674 A.2d 313 (Pa. Super. 1995). The Pennsylvania Supreme Court then denied Cruz's Petition for Allowance of Appeal on June 26, 1996. ***Commonwealth v. Cruz,*** 678 A.2d 364 (Pa. 1996). Cruz's judgment of sentence thus became final on September 24, 1996, when the time expired for him to file a writ of certiorari with the United States Supreme Court. ***See*** U.S. Sup. Ct. R. 13(1) (requiring writ of *certiorari* to be filed within 90 days after entry of judgment).

Cruz had one year from this date, until September 24, 1997, to file a timely PCRA appeal. Cruz's first PCRA petition was filed timely on March 10, 1997, and its dismissal was eventually affirmed by this Court on March 5, 2015.[2] However, Cruz's second petition, at issue here, is patently untimely. Accordingly, the PCRA court had no jurisdiction to entertain that petition unless Cruz established one of the exceptions to the jurisdictional time bar.

To invoke an exception, the petitioner must allege and prove one of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

---

[2] The record does not explain the delay between the 1997 filing and the 2015 disposition of the first PCRA appeal. ***See Commonwealth v. Cruz***, No. 384 MDA 2014 (Pa. Super. March 5, 2015) ("Appellant's petition languished for the next 15 years until, for unstated reasons, it came to the court's attention.")

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii).

Cruz contends that the DOJ letter reflects a "newly-discovered fact," pursuant to section 9545(b)(1)(ii), and can thus serve to excuse the untimeliness of the current PCRA petition. He argues that he could not have known about the deficiencies in Agent Blythe's testimony prior to receiving the letter, and that these deficiencies comprise the "newly-discovered fact" which could support relief under the PCRA.

The PCRA court disagreed with Cruz and denied his petition without a hearing under Pa.R.Crim.P. 907(1). In so doing, the PCRA court held that *Commonwealth v. Edmiston,* 65 A.3d 339 (Pa. 2013), is analogous and controlling here, and that this precedent precludes the DOJ letter from qualifying as a "newly-discovered fact." Because we substantially agree with the trial court's assessment, we affirm the order dismissing Cruz's PCRA petition.

Our standard of review for an order denying post-conviction relief is limited to examining whether the PCRA court's determination is supported by

evidence of record and whether it is free of legal error. *Commonwealth v. Wilson*, 824 A.2d 331 (Pa. Super. 2003) (*en banc*). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). Finding no error of law in the PCRA court's reliance on *Edmiston*, we affirm its decision.

In *Edmiston*, the appellant attempted to argue that a recently-published study by the National Academy of Sciences was a "newly-discovered fact" because the study broadly criticized the use of microscopic hair analysis as a forensic technique. Our Supreme Court concluded that the study itself was not a "newly-discovered fact" but was instead a restatement of existing facts from a new source. Because the NAS study was merely a third party's analysis of the existing science underlying microscopic hair analysis, and because that science had been available in the public record for years before the appellant's PCRA petition, the Court concluded that the study could not be a "new fact" and therefore the petition was untimely.

Here, like *Edmiston*, Cruz relies on a new source of previously knowable facts, and *not* on a "newly-discovered fact." The DOJ reviewed Agent Blythe's testimony and concluded that some of his statements exceeded the limits of science at the time of the trial. In so deciding, the DOJ reviewed no new material but instead relied on an analysis of the trial

transcripts as interpreted through the lens of the 2012 edition of the microscopic hair comparison analysis standards.

To the extent that the conclusions in the DOJ letter are wholly dependent on facts that were known at the time of the trial, the letter cannot constitute "newly-discovered facts" as required by the PCRA statute. As the PCRA court here noted in its opinion: "[T]he hair examiner's testimony did exist at the time of Petitioner's trial and Petitioner had the opportunity to attack the credibility of the microscopic hair comparison in the case and the integrity of the field of microscopic hair comparison analysis in general." Trial Court Opinion, 8/5/16, at 3.

Since the underlying facts existed in the record from the moment Agent Blythe testified in court, the letter from the DOJ represents "facts that were previously known but are now presented through a newly discovered source." *Edmiston*, 65 A.3d at 352. Because the DOJ reviewed only the existing testimony and scientific standards and offered its own opinion thereon, we agree with the PCRA court that the DOJ letter does not contain "newly-discovered facts" to support a timeliness exception under section 9545(b)(1)(ii).[3]

---

[3] We also note that Cruz argues that *Commonwealth v. Chruby*, 304 MDA 2016 (Pa. Super. December 9, 2015), should control our decision due to the significant factual similarities between that case and the instant case. *Chruby*, however, is an unpublished memorandum decision and is not binding precedent. *See* 210 Pa. Code § 65.37; *see also Schaaf v.*
*(Footnote Continued Next Page)*

Accordingly, we find no error in the PCRA court's dismissal of Cruz's second, untimely PCRA petition. **Robinson**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017

*(Footnote Continued)* ————————

**Kaufman**, 850 A.2d 655 (Pa. Super. 2004) (discussing section 65.37 and corresponding limitations on use of unpublished memorandum decisions). Thus, we are not bound to reach the same result as that case. Regardless, **Chruby** is also distinguishable from this case as the remand in **Chruby** was procedurally justified due to unresolved motions pending at the time of that case's dismissal. Here, there are no such unresolved issues to cloud the facts before us, and the dismissal by the trial court was proper.